## GLISSON *v.* HEGGIE BROTHERS.

A note of $200 was given for the purchase-money of two mules, with.
reservation of title to the property in the vendor until the purchase-
money was paid.   In the same instrument a mortgage was given.
upon land by the vendee to secure the note.   One of the mules died
before maturity of the note, and at its maturity a credit of $110.75
was made on the note.   Afterwards the vendor brought bail-trover
for the recovery of the remaining mule, which not being replevied
was, on petition of plaintiff, sold under order of court, and the pro-
ceeds of the sale, $87 less costs, were awarded by the court to the
plaintiff, who claimed no hire for the property.   Subsequently the
plaintiff proceeded to foreclose his mortgage on the land, for the
balance he claimed due upon the note.   *Held*, that the bail-trover

proceedings constituted a recission of the contract as to the balance of the purchase-money, if any, due, and the court erred in granting a rule absolute foreclosing the mortgage.

Argued June 9,—Decided July 21, 1898.

Foreclosure of mortgage.   Before Judge Gober:   Burke superior court.   October term, 1897.

On March 1, 1895, A. S. & E. C. Glisson executed to Heggie Brothers an instrument the body of which is as follows:

"On October 1st, 1895, after date, I promise to pay to the order of Heggie Bros. two hundred dollars ($200.00) with interest from date at the rate of eight per cent. per annum, for two brown mare mules, each about four years old, the title to which is to remain in the said Heggie Bros. until the purchase-money is paid.   If the payment of this note be enforced by suit, I agree to pay ten per cent. additional upon the amount due for attorney's fees.   And I expressly waive and renounce for myself and family any and all homestead and exemption rights I may have under the laws of this State and of the United States, as against this debt.   And to secure the payment of this note, and in consideration of one dollar to me in hand paid, I hereby mortgage and convey to the said Heggie Bros., his heirs and assigns, all interest I now have or may hereafter acquire in said mules and as well one hundred acres of land in the 68th district G. M., Burke county, Ga., bounded on the south and west by lands A. S. and D. S. Glisson, on north by lands of estate of J. G. Glisson and on the east by the river swamp.   I expressly waive and renounce all rights of homestead and personalty as to the above-described property, and covenant that I have a right to convey it as above, and that it is not otherwise encumbered either by previous mortgage or other judgment liens.   Provided, however, that should I truly pay the above note, together with interest accruing thereon, then this mortgage be null and void; otherwise of full force and effect.   This note payable at any bank in Augusta, Ga.   Witness my hand and seal."

One of the mules for which the note was given died before the maturity of the note, without fault of the purchaser, and a credit of $110.75 was made on the note when it matured.   On

December 3, 1896, the other mule was seized by the sheriff under bail-trover process sued out by Heggie Bros. against the makers of the note. The defendants failed to replevy the mule, and it was sold at public outcry by virtue of an order of the court, upon the petition of the plaintiffs, under the Civil Code, §5463, and the proceeds of the sale, $87, after payment of costs, were subsequently awarded to the plaintiffs. At the December term, 1896, of the superior court, the plaintiffs obtained a rule nisi for the foreclosure of the mortgage; and at the trial they claimed a judgment for the balance due on the note, regardless of the award and the appropriation by them of the proceeds of the sale. Defendant contended that after the trover proceedings the note was liquidated, and the plaintiffs had no debt upon which they could legally predicate the mortgage foreclosure. The court held that the plaintiffs were entitled to recover, and granted a rule absolute. Defendant excepted.

*Lawson & Scales* and *R. O. Lovett*, for plaintiff in error.

LEWIS, J. The contract entered into between the plaintiffs and defendant is rather a novel one in its nature. It reserves in the vendors title to the property sold, and in another clause of the instrument creates a lien upon that property, and certain lands of the vendee. We are inclined to think that under the instrument the vendors, at their election, could have treated it as an absolute sale, and have proceeded to foreclose their mortgage upon the property sold, as well as the land; or they could have relied upon their right of title to the mules, and have brought trover therefor. This is, however, a question not made by the record. The vendors elected to bring trover for the remaining mule, and of course would be estopped from denying their right to do so. It is a well-settled rule of law that where property is sold with the condition that the title is to remain in the vendor until the purchase-price is paid, unless otherwise stipulated, the risk is on the seller, and in case of loss of the property without fault of the buyer, no action can be maintained for the purchase-price. *Randle* v. *Stone*, 77 *Ga.* 501. See opinion of Chief Justice Jackson, and authorities therein cited. It does not appear definitely from this record whether the credit on the note made at its maturity was allowed on ac-

count of the death of the mule, or was actually paid in cash by the vendee. We think a fair inference from the record, how-ever, is that the payment was made by the purchaser. If this be true, then that credit should have been applied to the pur-chase-price of the remaining mule, and if it amounted to its value according to the contract price, it was really a cancela-tion of the debt. This would have constituted a defense to the bail-trover proceeding. But it seems no defense was filed to that action, and the plaintiff recovered the proceeds of the sale of the mule. However this may be, we think the trover pro-ceedings and their result amounted to a rescission of the whole contract so far as the purchase-price for the property was con-cerned. When the vendor of personal property reserves title in himself until the purchase-money is paid, his sale is only a con-ditional one, and when he elects to take the property, either by taking possession of it under his contract, or by claiming it in an action of trover, the measure of his recovery is the property itself, and its value for hire, if any is claimed. In the case of *Tidwell* v. *Burkett,* 81 *Ga.* 84, it was decided, where a note for the purchase-money of a mule, reserving title in the seller, had been transferred by him to third parties, and was in their hands when action of trover for the mule was brought and at the time a verdict was obtained for the same, that the verdict was unwarranted by the facts; that the bringing of the action was equivalent to a rescission of the whole contract; and that there was no right to recover the value of the property from the vendee before the note had been delivered up to him. The case of *Hays* v. *Jordan,* 85 *Ga.* 741-2, was where there was a con-tract for the conditional sale of a piano, title to which was re-served in the seller until the purchase-price was paid. Certain payments were made by the purchaser, and having defaulted, the seller brought an action of bail-trover for the piano, and elected to take it. It was held by this court that, before it could be re-covered, the seller should return the amount paid him. We do not mean to say that on the trial of such an action of trover, when the plaintiff elects to take damages in lieu of the property, or when the defendant sets up an equitable defense asking that a recovery be had only for the balance of the purchase-money

. due, the court should not instruct the jury to·so mold their verdict as to protect the substantial equities and rights of the parties. What we do rule is, that when an election is made to take the · property itself, and it has been recovered by the plaintiff, this is · a rescission of the contract of purchase, and no subsequent action can be had for any further recovery.   In the present case it is · true the property itself was not awarded to the plaintiffs, but the action had was equivalent to the same thing.   There was a failure to replevy the property seized under bail-process, and· upon application of the plaintiffs it was sold in accordance with the provisions of §4607 of the Civil Code.   It is provided in that section, "that in case the property is sold, the plaintiff, in·' case of recovery, shall only be entitled to a money verdict for· the amount of the proceeds of such sale, together with hire or interest from the date of conversion to the date of seizure, if ' the jury shall so find."   Manifestly then the proceeds of the · sale, in contemplation of law, stand in lieu of the property itself, and the recovery of such proceeds has the same legal effect · on the rights and liabilities of the parties as if the property had\ been replevied, and· then, upon the trial of the trover proceedings, had been recovered by the plaintiffs.

*Judgment reversed.   All the Justices concurring.*