## VENABLE v. YOUNG.

BECK, J. 1. An assignment of error that the court erred in admitting in evidence a written instrument over objection on the ground "that said note had been changed since the execution of the same" is an insufficient assignment of error, in that it fails to show the character or materiality of the change.

2. The exception to the court's charge set forth in the second ground of the amended motion for a new trial is not argued or insisted upon in the brief of counsel for plaintiff in error, and is treated as abandoned.

3. Where, as in the present case, the written obligation of the vendee to pay for the goods purchased, and the stipulation that the title to the property is to remain in the vendor until payment is made, are contained in the same instrument, it is not necessary that it should appear that the vendor offered to surrender up the writing which contained evidence of his title to the property before bringing suit in trover to recover the same. He should, however, be in possession of the writing at the time of the trial, or sufficiently account therefor. *Moultrie Repair Co.* v. *Hill*, 120 *Ga.* 732 (48 S. E. 143). And if the plaintiff elect to take judgment for the property and the hire thereof, the written instrument should be delivered up to the defendant, as the election to take the property amounts to a rescission of the contract, and after judgment in the case the plaintiff would have no further demand against the defendant under and by virtue of such writing. *Glisson* v. *Heggie*, 105 *Ga.* 30 (31 S. E. 118).

4. The plaintiff in the case having elected to take a verdict for the property and its hire, the court did not err in charging the jury as follows: "If you find that the plaintiff is entitled to recover, he would be entitled to recover a reasonable hire for the mules from the time this suit was brought."

5. There was sufficient evidence to authorize the verdict.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*
JANUARY 11, 1912.

Trover. Before Judge Pendleton. Fulton superior court. December 1, 1910.

*Walter A. Sims,* for plaintiff in error. *R. J. Jordan,* contra.