## 4714.   SPIERS *v.* HUBBARD.

1. Where a series of promissory notes, maturing at different dates, is given for the purchase-price of personal property, in each of which it is stipulated that title to the property is reserved in the vendor until payment of the note, the vendor, on default in payment of any of the notes, may elect to rescind the sale and sue in trover for the property or its value. This is true even though there be no stipulation therein giving the vendor the option, on default in payment of any of the notes, to declare the whole debt due.
2. Any use of the property of another without his consent and inconsistent with his right of possession is a conversion. And such an appropriation of the property is none the less a conversion because the user, after taking possession of the property and converting it to his own use, informs the owner that he will deliver it to him on demand. Delivery of the property on demand would not cure the unlawful conversion, but would go simply in mitigation of damages.

**3.** There was no error in the admission of evidence or in the charge of the court. The judgment overruling the motion for a new trial is reversed solely because, under the pleadings and the evidence, the defendant was entitled to recover of the plaintiff damages for the unlawful conversion.

DECIDED MAY 6, 1913.

Trover; from city court of Elberton—Judge Grogan. January 11, 1913.

*W. D. Tutt,* for plaintiff in error.

*A. C. Wheeler, Ward & Payne,* contra.

POTTLE, J. Hubbard sold to Spiers a number of articles of machinery, comprising a part of a laundry outfit, and took from Spiers a series of promissory notes for the purchase-price, maturing at different dates, in each of which it was stipulated that title to the property sold was retained in the vendor until payment of the note. There was no provision therein giving the seller the right to declare the whole debt due on default in payment of a part of the purchase-price. The notes were for $150 each. Spiers paid $100 on the first note, and, after the maturity of the second note and default in payment thereof, Hubbard brought trover for the property. It appears that Spiers had purchased from another person other articles necessary to be used in the operation of the laundry. Hubbard replevied the property in the trover case and took possession of the property, including that which Spiers had purchased from another person. The jury found for the plaintiff, who elected to take the property and its hire, accounting to the defendant for the sum which had been paid on the purchase-price.

1. The first question which arises is whether the plaintiff could maintain trover at all. The general rule is that, where property is sold and a series of notes taken for the purchase-price, and title reserved in the vendor, he may rescind and recover the property in trover upon default in the payment of any part of the purchase-price. *Scott* v. *Glover,* 7 *Ga. App.* 182 (66 S. E. 380); *Georgia Supply Co.* v. *Coffee,* 8 *Ga. App.* 502 (69 S. E. 1083); *Harden* v. *Lang,* 110 *Ga.* 392 (36 S. E. 100); *Paxson* v. *Butterick Publishing Co.,* 136 *Ga.* 774 (71 S. E. 1105). Of course, where trover is brought, the defendant may plead any set-off or recoupment growing out of the contract of purchase by reason of a failure of consideration, defects in the property, or breach of the contract by the plaintiff. *Rogers* v. *Otto Gas Engine Wks.,* 7 *Ga. App.* 587 (67 S. E. 700). It is insisted that trover will not lie in cases like the

present, unless the right to declare the whole debt due in case of default is stipulated in the contract. It is pointed out that in the case of *Scott* v. *Glover,* supra, the notes contained such a stipulation. In the case of *Paxson* v. *Butterick Publishing Co.,* supra, the contract stipulated that the failure of either party to perform would release the other party. It is to be noted, however, that the decisions in those two cases were not put upon the ground that the contract contained the stipulations just referred to, but were distinctly based upon the general rule that the vendor may rescind a conditional sale and recover the property in trover as soon as any part of the purchase-price becomes due and remains unpaid. In the case last referred to the rule was broadly stated that "failure to make payment for articles delivered under a contract during a series of years, to be delivered in instalments and paid for monthly, entitles the vendor to rescind the contract." The mere incorporation into the contract of the stipulation that failure by one party to perform would release the other was simply a statement of a legal right which either party would have had without reference to the contract. That was not a trover case, but the right to rescission was involved and the principle is the same. The fact of the incorporation into a contract of sale, where the purchase-money is to be paid in instalments, of a stipulation that if any part of the purchase-money is not paid at maturity, the vendor may declare the whole debt due, is simply to permit the vendor, at his option, to proceed for the collection of the entire amount of the purchase-money. If he does this, he treats the contract as valid and subsisting and elects to enforce it. But neither the presence in the contract of such a stipulation, nor the failure to incorporate it therein, affects the legal right of the vendor to rescind the contract of sale for non-payment of a portion of the purchase-price and to recover the property or its value, accounting to the purchaser for the portion of the purchase-money which has been paid. The contract of sale requires the purchaser to pay the vendor a certain sum of money at stipulated times. By failing to make these payments according to the terms of the contract, the purchaser is guilty of a breach of the contract, and the vendor has a right to act upon this breach of contract and rescind the entire contract of sale.

2. The defendant pleaded by way of recoupment that the plaintiff had taken possession of some of his property and converted it

to his own use, and prayed to recover of the plaintiff the value of the property thus converted. No point is made by demurrer ̦or otherwise on the right of the defendant to file the cross-action. Under the act of 1903 (Civil Code, § 4484), where trover is brought in a case like the present, the defendant may plead as set-off any demand or claim he may have against the plaintiff, or may recoup any damages that he has sustained by reason of any failure of consideration or any breach of the contract by the plaintiff whereby the defendant has been in any way injured or damaged. And this may be done whether the plaintiff elects to take the property or damages. *Rogers* v. *Otto Gas Engine Works,* supra. The act of 1903 seems to be broad enough to authorize the defense made in the present case, but since this question is not raised by the record, no express ruling is made on it. Treating the cross-action as properly filed, the question is whether or not there is sufficient evidence of the conversion by the plaintiff to authorize a recovery by the defendant. On this point one of the witnesses for the plaintiff testified: "The property that Mr. Spiers is claiming has always been ready for him down there. We did not claim it at all.· We did not take possession of it; he knew that. Mr. Spiers's property is in this laundry building. We used it. We used his property. He never claimed or made any demand for it. The property he is claiming is there at the laundry. He owns the collar and cuff machine; gas plant belongs to him. We used the collar and cuff machine; used the gas machine. We used the dry room he had there. . . We used the soap of Mr. Spiers that was there, we used the tub, we used the collar and cuff machine. He had the laundry so connected that we could not use our laundry without using his property. I notified Mr. Spiers that he could come and get his stuff at any time he wanted it. I did not make any arrangements with Mr. White or any one else to run the laundry at any time." The plaintiff testified that he did not claim any of the property except that which he sold to the defendant, but that he used some of the defendant's property by permission of one Bailey, to whom the defendant had given a mortgage.

Any dominion over property in exclusion or defiance of the owner's right is a conversion. *Liptrot* v. *Holmes,* 1 *Ga.* 381, 391. "If the act was unlawful; if it was in derogation of the right of property in the owner; if there was an appropriation of the

property of the defendant to their own use, it was a conversion, irrespective of any intent to injure him. Even dominion over property without use is conversion; user of property without the owner's consent is conversion." *Macon & Western R. Co.* v. *Holt,* 8 *Ga.* 157, 166. "Any use or disposition of a chattel without the consent of the owner and inconsistent with his right is a conversion." *Tharp* v. *Anderson,* 31 *Ga.* 293. See, also, *Rushin* v. *Tharpe,* 88 *Ga.* 779. When a conversion has once taken place it can not be cured. Even the redelivery of the property will not cure it. Damages for the conversion are still recoverable, and the return of the property goes merely in mitigation of damages. *Jordan* v. *Thornton,* 7 *Ga.* 517, 528. See, also, *Farkas* v. *Powell,* 86 *Ga.* 800, where, after the return of a horse to the owner, trover was maintained upon the theory that the defendant had been guilty of a conversion by riding the horse to a point beyond that to which he was authorized to go under the contract of hire. Tested by these decisions, the plaintiff was very clearly guilty of a conversion of the defendant's property. If one takes and uses property of another without the owner's consent, it is none the less a conversion because he may have asserted at the time that he did not intend to deprive the owner of the use and possession of his property. Conversion is tested not so much by what a man says, as by what he does. And if one takes another's property without his consent and uses it in a manner inconsistent with the owner's complete right of possession, he is guilty, at least, of a technical conversion, although he may tell the owner that he can obtain his property on demand. And demand and refusal need not be shown; being merely a circumstance to prove the conversion, and being essential only where the possession in the first instance was obtained lawfully and with the owner's consent. There was nothing in the evidence in the present case to show that the defendant consented for his property to be used by the plaintiff. The plaintiff does claim that it was necessary for him to use the defendant's property in order to obtain the benefit of his own. But this is inconsistent with his statement to the defendant that he might have his property at any time that he called for it. If it could be segregated upon demand of the defendant, this could have been done as well before as after the conversion. It is doubtless true that, if one should so commingle his own property with that of another which he wrongfully

holds as that it can not be separated, the person whose property is thus wrongfully withheld would not be guilty of a conversion by taking possession of the whole of the property; but this is not the case here. Under the evidence the plaintiff was guilty of a conversion in taking and using the defendant's property, and the defendant was entitled to a verdict for the damages he thus sustained.

3. There was no error in the admission in evidence of certain liens upon the property of the defendant which it was claimed the plaintiff had wrongfully converted to his use. If the defendant should elect to take a money verdict against the plaintiff, and these are valid and subsisting liens upon the property, the plaintiff would have a right to have the damages reduced by the amount due on these liens. The defendant insists that there were no pleadings to authorize such a reduction. On another trial, however, the plaintiff can offer an appropriate amendment to meet this objection; and, if the evidence should be substantially the same as disclosed by the present record, the plaintiff would be entitled to recover his property or its value, and the defendant would be entitled to recover from the plaintiff such of his property or its value as he may be able to show that the plaintiff has converted to his own use. If the defendant elects to take a money verdict, the plaintiff would have a right to reduce the amount of damages in the amount of whatever valid and subsisting liens there may be outstanding against the defendant's property. There will be no difficulty in molding such a verdict and judgment as will do justice between the parties. *Judgment reversed.*