## STRINGFELLOW et al. v. STRINGFELLOW.

1. Where land is owned by four persons in common, and one of them dies, leaving a widow as sole heir at law, the latter can not defeat a partition of the land by merely proving that the other cotenants made a parol sale of the land to her deceased husband and put him in possession, and that he erected valuable improvements on it, where the evidence is without conflict that the purchase-money has never been paid, and there is no plea for equitable relief dependent on the erection of valuable improvements.

2. A witness, not a party to the partition proceeding is not incompetent to testify that he furnished the material which went into the improvements alleged to have been made by the deceased husband of the defendant.

APRIL 16, 1915.

Partition. Before Judge Gilbert. Marion superior court. April 20, 1914.

*W. D. Crawford,* for plaintiffs.

*George P. Munro* and *W. B. Short,* for defendant.

EVANS, P. J. A mother and three children were the common owners of a lot of land. One of the cotenants died, leaving a widow as his sole heir at law, and the other cotenants instituted a statutory partition proceeding for the purpose of dividing the land equally between the four claimants. The widow of the deceased cotenant filed objections to the partition, denying that the applicants had any interest in the land sought to be partitioned. She further alleged, that her deceased husband originally owned a one-fourth interest and the applicants owned a three-fourths interest in the land; "that something over three years ago her husband made a trade for the purchase of the interest of the other parties, and after said trade, which was in parol, he built a house on said land and fenced something over twenty acres of the same. Defendant says that her deceased husband having entered on said land as a purchaser and having made valuable improvements on the same under said parol contract, the same was binding on the other parties in said case. Wherefore defendant says that plaintiffs have no right to ask for a partition of said land." On the trial of the case the defendant testified, that when the land was purchased by her deceased husband it was in woods; that he cleared twenty or twenty-five acres, built a house thereon, and put up considerable fencing, and was residing on the land at the time of his death; and that the plaintiffs had made frequent visits to her husband and had made no

claim to the land, but spoke of it as belonging to her deceased husband. The applicants introduced testimony to the effect that the deceased cotenant had declared that he had verbally purchased the land for $300, to be paid for in the fall of 1912, and that he had not paid a penny on the land, and that he recognized that he no longer had any right or title to the same by virtue of his contract of purchase after the expiration of the time limited for the payment. The testimony relating to the admission of the deceased cotenant as to the non-payment of the purchase-money was without dispute. A verdict was returned in favor of the defendant, and the court refused to grant the applicants a new trial.

1. Our partition statute was designed to afford to cotenants a direct and adequate means for the division of property held in common, and not force them into equity except in cases where the rights of the parties could not be fully determined and administered in the statutory proceeding. A defendant in such a proceeding who admits that the applicants were at one time common owners of the land, but who asserts a subsequent parol sale by them to one under whom the defendant claims to hold title, or who contends that the applicants are equitably estopped from asserting title to the land, should plead the matters set up in resistance of the applicants' right of partition with such particularity as to put the parties on notice of the precise nature of the defense. No demurrer was made to the answer, and the exception is to the sufficiency of the evidence to support the verdict. The defendant in this case is not entitled to hold the verdict which she received at the hands of the jury, unless the evidence, as applied to the appropriate rules of law or equity, authorize the recovery.

The applicants verbally sold their interest in the land to the deceased cotenant, delivering possession to the vendee. Upon the latter's failure to pay the purchase-money at maturity they had the right to sue and recover the land. An action to recover the land by the vendors, in default of the payment of purchase-money, is an exercise of the reserved right to rescind. The vendee or his heirs at law could resist the exercise of this right by a tender or payment of the purchase-money, or by setting up such matters as equity would require the plaintiffs to recognize before allowing a rescission. If the vendee had erected substantial improvements on the land, the vendors would not be equitably entitled to a rescission of

the contract and a recovery of the land without accounting to the vendee for their value. Into this accounting various elements would necessarily enter, such as damages caused by the breach of the contract, the rents, the amount of principal and interest paid, etc.; the purpose being to equitably restore the status. *Couch* v. *Crane*, 142 *Ga.* 22 (82 S. E. 459); *Lytle* v. *Scottish American Mortgage Co.*, 122 *Ga.* 458 (50 S. E. 402). But one tenant in common, who has verbally contracted to buy the interest of his co-tenants, can not defeat their title to the land without payment or tender of the purchase-money, or showing the existence of extraneous facts which will equitably estop the plaintiffs from asserting their title to the land.

The partition application, wherein the several cotenants were seeking to have assigned to them in severalty different portions of the land in possession of the widow of the deceased cotenant, was the substantial equivalent of an action by a vendor to recover the land. In the instant case there is no dispute that the land originally belonged in common to the applicants and the husband of the defendant. Nor does there seem to be any dispute that the applicants verbally sold their interest to the deceased cotenant. The applicants' testimony was to the effect that time was of the essence of the purchase, and that upon failure of the vendee to pay any of the purchase-money within the time limited by the contract the vendee forfeited all rights to his improvements. The defendant seems to have rested her case entirely upon the proposition of the parol sale and valuable improvements thereunder, without alleging or proving the amount of the original purchase-money, and whether any part of the same had been paid or tendered. Whatever equities may have accrued to the deceased cotenant from the erection of valuable improvements, he was not invested with the title under a parol sale of the land with all the purchase-money unpaid. To allow the verdict to stand would be to defeat the applicants of their right to purchase-money, even if there was no provision in the contract for forfeiture on failure to pay the principal within a given time. The verdict is therefore without evidence to sustain it.

2. A witness was called by the applicants to testify that he furnished the lumber which went into the house and other improvements made by the deceased cotenant. This testimony was repelled upon an objection that the witness was incompetent to testify, be-

cause the defendant sustained the relation of personal representative of the deceased cotenant. This was not an action to make the estate of the deceased cotenant liable for the value of the lumber which went into the improvements. The witness was no party to the partition proceedings, and was competent to testify concerning the transaction.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*