### 12231.   PANNELL *v.* McGARITY.

The rule that the bringing of a suit in trover by a vendor of property who has reserved title thereto in himself until payment of the purchase-price, *and his election to take the property itself,* and his recovery of

it, amount to a rescission of the contract of purchase, and that there can be no subsequent action for any further recovery, is not applicable to a case where the contract of sale contains a provision that if the note given for the purchase-price of the property is not paid at maturity, the vendor is authorized to repossess himself of the property, to sell it for cash at public outcry, and to credit the proceeds from the sale on the note; and where the vendor, upon the failure of the vendee to pay the note at maturity, and upon the refusal of the vendee to give up the property, brings a suit in trover for the sole purpose of obtaining possession of the property, in order that he may sell it and credit the proceeds of the sale on the note, and where, prior to the hearing of the trover suit, the vendee returns the property to the vendor, and the vendor sells it at public outcry and credits the proceeds of the sale on the purchase-money note.

DECIDED MAY 12, 1921.

Mortgage foreclosure; from city court of Monroe — Judge Stone. January 29, 1921.

John L. McGarity sold an automobile to T. D. Pannell, under a contract of sale dated October 27, 1919. The parts of the contract that are material so far as this case is concerned are as follows: " On November 1st, I promise to pay John L. McGarity or bearer eleven hundred and fifteen dollars, with interest from date at eight per cent. per annum. . . This note is given as purchase-money for one five-passenger Maxwell touring car, . . and to secure the payment of same I hereby mortgage to said John L. McGarity the following described property [describing two mules]. . . The title to the property is retained by said John L. McGarity at his option. . . At the maturity of this note, if still unpaid, the vendor, his agent or attorney, is authorized to take possession of said property and to sell the same for cash at public outcry before the court-house door in the city of Monroe . . and apply the net proceeds from the sale to this debt." This contract was properly recorded on November 11, 1919. On June 29, 1920, McGarity brought an action of bail-trover against Pannell for the automobile described in the above contract of sale, Pannell having paid nothing on the note for the purchase-money. At the return term of the court Pannell filed his answer, disclaiming all title to the automobile, and tendered it back to the plaintiff, and, it being impracticable to bring the property into court, deposited it with the sheriff of the county, subject to the disposal of the plaintiff, and so notified the plaintiff. On October 4, 1920, McGarity notified counsel for Pannell that he was going to take the car from the hands of the sheriff and sell it under the power

of sale contained in the note, and without objection he took possession of the car, advertised it for sale, and complied with all the requirements of the written power of sale contained in the note, and on October 9, 1920, the automobile was sold at public outcry before the court-house door in the city of Monroe and brought the sum of $225, which sum — less $2 paid for the services of the auctioneer — was duly entered as a credit on the note. Subsequently, when the trover suit came on for its final hearing, it was agreed by counsel for both sides that the only issue in the case was as to which party was liable for the court costs, and after evidence had been introduced on the question of a demand before the suit was brought for the return of the property, the jury returned the following verdict: " We, the jury, find for the plaintiff the property in dispute, and that demand was made for same, so as to entitle plaintiff to recover his costs of suit," and the following judgment was entered on the verdict: " Whereupon it is ordered, considered, and adjudged by the court that plaintiff recover of the defendant for use of officers of court —— dollars costs of suit." Subsequently McGarity foreclosed his mortgage on the two mules referred to in the contract of sale, and an affidavit of illegality was interposed by Pannell. Upon the trial of the issue thus formed, the only ground of illegality insisted upon was as follows: " That said mortgage is void and unenforceable, for that, the same having been given for the purchase-money of one five-passenger Maxwell touring car, 1920 model, serial No. 285829, No. of motor 280642, and the said mortgagee having filed suit in trover for said car in said city court of Monroe, returnable to the July quarterly term, 1920, thereof against said mortgagor, and said mortgagor at said term of the court having tendered back said automobile to said mortgagee, with reasonable hire therefor, and said mortgagee afterwards having sold said car and retained the proceeds thereof, said proceedings on the part of the mortgagee constituted a rescission of said contract and mortgage, and there is no further liability thereon." The case was submitted to the judge without the intervention of a jury, he dismissed the affidavit of illegality, and Pannell excepted.

*J. C. Knox,* for plaintiff in error. *R. L. & H. C. Cox,* contra.

BROYLES, C. J. (After stating the foregoing facts.) · In our judgment the court did not err in dismissing the affidavit of il-

legality, as, under all the facts of the case, the trover proceedings did not constitute a rescission of the contract of sale for the automobile in question. The case of *Glisson* v. *Heggie,* 105 *Ga.* 30 (31 S. E. 118), and the other cases, cited and relied upon by counsel for the plaintiff in error, are quite different from this case. While the Supreme Court made some rather broad and sweeping statements in the opinion in the *Heggie* case, to the effect that the bringing of an action in trover by the seller of personal property under a conditional contract of sale was equivalent to a rescission of the whole contract, yet the contract in that case contained no stipulation that the owner of the property had the right, if the note given for the purchase-price of the property sold was not paid at its maturity, to take possession of the property, sell it at public outcry, and credit the proceeds of the sale on the note, as was contained in the contract in the instant case. This distinction is a vital one. A party to a contract can waive any right he has under the law, provided he does not thereby injuriously affect the public interests or the interests of others not parties to the contract. Thus, in the instant case Pannell could, and, by signing the contract of sale, did, waive his right to insist that when McGarity brought the suit in trover and regained possession of the automobile in question, he (McGarity) could take no further proceedings to collect the balance of the purchase-price thereof. By signing the contract of sale, Pannell agreed, in effect, that if he failed to pay the purchase-money note when due, McGarity could take back the property for the purpose of selling it and crediting the proceeds of the sale on the note, *without prejudice to his (McGarity's) right to collect the balance due on the note,* and he is, in our opinion, estopped from asserting otherwise. Moreover, the Supreme Court, in the opinion in the *Heggie* case, said: " We do not mean to say that on the trial of such an action of trover, when the plaintiff elects to take damages in lieu of the property, or when the defendant sets up an equitable defense asking that a recovery be had only for the balance of the purchase-money due, the court shall not instruct the jury to so mold their verdict as to protect the substantial equities and rights of the parties. What we do rule is, *that when an election is made to take the property itself* [italics ours], and it has been recovered by the plaintiff, this is a rescission of the contract of purchase,

and no subsequent action can be had for any further recovery " — the Supreme Court holding that under the facts of the case the property had been recovered by the plaintiff under a virtual election to take the property itself. In the instant case the judge was by consent sitting without the intervention of a jury, and the evidence, properly construed — most strongly in favor of the verdict — together with the inferences and deductions arising therefrom, authorized a finding that after Pannell failed to pay the purchase-money note when due he refused to turn back the property on McGarity's demand, and that McGarity brought his suit in trover for *the sole purpose of recovering possession of the automobile in order that he might sell it at public outcry and credit the proceeds upon the purchase money note, as he was authorized to do under the provisions of the contract of sale.* This makes another vital distinction between the *Heggie* case and the instant one.

The general rule of law laid down in the *Heggie* case is sound and not open to criticism. The reason for it is obvious. The value of the property sued for in trover may have decreased or increased, and the plaintiff in the trover proceedings has the right to elect whether he will take back the property itself or recover its value. And where he elects to take the property itself, and does take it, he is estopped from thereafter claiming any of its purchase-price that may remain unpaid. He is bound by his election. However, as has been said, this rule of law is not applicable to the facts of this case. Here the vendee obtained a valuable automobile and used it for many months without paying one cent for it, or for its hire, and refused to allow the vendor to take possession of it for the purpose stipulated in the contract of sale, and only returned it to the vendor after the trover suit was filed. All of this occurred months before the hearing on the trover suit, and upon that hearing the only issue involved was which party should pay the costs of the suit, and that issue depended solely upon the question whether or not the plaintiff had made a timely demand for the property; and the awarding of the property to the plaintiff by the jury was immaterial and uncalled for, and was properly treated as surplusage, in the judgment of the court, and does not affect the merits of the case.

The plaintiff in this case did only what he had a right to do under the provisions of the contract of sale signed by the defend-

ant; and when he sold the automobile and credited the proceeds of the sale upon the purchase-money note, the debt remained unsatisfied, and he thereafter had the right to collect the balance of the debt in any legal way that he could, and he accordingly was acting within his legal rights when he foreclosed his mortgage on the mules in question, and the court did not err in dismissing the affidavit of illegality.

*Judgment affirmed. Bloodworth, J., concurs. Luke, J., dissents.*

LUKE, J. dissenting. I cannot concur in the conclusion reached by the majority. The plaintiff had the right to elect his remedy, and, when he elected to sue in trover, there was, immediately upon the institution of the trover proceeding, a rescission of the contract as a whole; and, in my judgment, this is true notwithstanding the contract of sale contained a provision that if the note given for the purchase-price of the property is not paid at maturity, the vendor is authorized to repossess himself of the property.