12780. SMITH *v.* COMMERCIAL CREDIT COMPANY INCORPORATED.

JENKINS, P. J. 1. Where a defendant in an action of trover admits in his plea or answer his possession of the property at the time of the action, under an adverse claim of title or right of possession, it is not necessary for the plaintiff to prove a demand and refusal or any other conversion of the property. Civil Code (1910), § 4483; *Muse* v. *Wright,* 103 *Ga.* 783, 784 (30 S. E. 662); *Moore* v. *Ramsey,* 144 *Ga.* 118 (86 S. E. 219); *Young* v. *Durham,* 15 *Ga. App.* 678 (5) (84 S. E. 165); *Pearson* v. *Jones,* 18 *Ga. App.* 448 (89 S. E. 536); *Collins* v. *Hilton,* 27 *Ga. App.* 439 (108 S. E. 824).

2. Where property has been seized by a sheriff under bail process, and, not having been replevied, has been sold by the officer under section 5153 of the Civil Code (1910) as being perishable or expensive to keep, the successful plaintiff in the suit is not entitled to elect a verdict and judgment for the property under sections 5929 and 5930. The provisions of the first-mentioned statute are intended both to limit the plaintiff to a " money verdict for the amount of the proceeds of such sale, together with hire or interest from the date of conversion to the date of seizure," and to fix by such amount of proceeds the maximum recovery for the value of the property, which, under the general rule in trover actions, is " the highest proved value of the property at any time between the date of the conversion and the trial, or its value at the date of the conversion with interest from that date." Civil Code (1910), § 4514; *Mashburn* v. *Dannenberg Co.,* 117 *Ga.* 567 (15), 584 (44 S. E. 97); *O'Neill Mfg. Co.*

v. *Woodley*, 118 *Ga.* 114, 116 (44 S. E. 97); *Tuller* v. *Carter*, 59 *Ga.* 395 (2); *Langdale* v. *Bowden*, 139 *Ga.* 324 (2) (77 S. E. 172); *Smith* v. *Duke*, 6 *Ga. App.* 75 (2) (64 S. E. 293).

(a) The fact that the plaintiff himself is the purchaser of the property at such a sale by the sheriff will not estop or preclude him from claiming the money verdict to which alone he is entitled under section 5153, for the reason that, as the purchaser at such judicial sale, he has acquired a new title upon payment of the amount of his bid, and thereafter such proceeds " in contemplation of law stand in lieu of the property itself." *Glisson* v. *Heggie*, 105 *Ga.* 30, 34 (31 S. E. 118, 119); *Hudson* v. *Goff*, 77 *Ga.* 281 (3 S. E. 152); *Mallary* v. *Moon*, 130 *Ga.* 591, 592 (61 S. E. 401).

3. Where a vendor under a contract of sale retains title to personalty until full payment is made of the purchase-price, and, after the vendee has made partial payments, brings an action of trover to recover possession, the vendee is not entitled to set up as a defense a right of possession in himself because of the vendor's failure to return such payments; nor, where the vendor elects a money verdict, can the vendee demand a return of such sums as a condition precedent to the verdict and judgment; but in such a case, where the vendee has failed to set up any plea of set-off or recoupment for damages under section 4484 of the Civil Code (1910), and has only pleaded such payments, he is merely entitled to a deduction thereof and the vendor should recover only the excess in the value of the property and its hire over and above the total amount paid, with the condition that the recovery shall not exceed the unpaid balance of the principal debt and interest thereon. *Thomason* v. *Moore*, 139 *Ga.* 341 (3, 4) (77 S. E. 155); *Bradley* v. *Burkett*, 82 *Ga.* 255 (2), 257 (11 S. E. 492); *Guilford* v. *McKinley*, 61 *Ga.* 230, 232; *Hays* v. *Jordan*, 85 *Ga.* 742 (2) (11 S. E. 833, 9 L. R. A. 373); *Commercial Pub. Co.* v. *Campbell Co.*, 111 *Ga.* 388 (2), 389, 390 (36 S. E. 756); *Moultrie Repair Co.* v. *Hill*, 120 *Ga.* 730 (5), 732 (48 S. E. 143); *Ross* v. *McDuffie*, 91 *Ga.* 120 (3) (1C S. E. 648); *Fussell* v. *Heard*, 119 *Ga.* 527 (46 S. E. 621); *Benton* v. *Harley*, 21 *Ga. App.* 168 (2), (94 S. E. 46); *Young* v. *Durham*, 15 *Ga. App.* 678 (84 S. E. 165); *Elder* v. *Woodruff Hardware Co.*, 9 *Ga. App.* 484 (71 S. E. 806); *Jones* v. *May*, 27 *Ga. App.* 152 (107 S. E. 897). Where the property after seizure has been sold by the sheriff under section 5153 of the Civil Code, the vendor's recovery is further limited by the amount of such proceeds under the rule in the last preceding division of the syllabus. The recovery in the instant case did not exceed the amount of money verdict to which plaintiff was entitled under the rules stated.

4. A vendor who has taken a note for the purchase-price of personalty and has reserved title in himself until full payment of the purchase-money cannot in an action of trover for the property after a default in payment recover the value of the property from the vendee until the note has been delivered up to him or has been sufficiently accounted for so that the vendee will incur no further risk of liability thereon. *Tidwell* v. *Burkett*, 81 *Ga.* 84, 85 (6 S. E. 816); *Glisson* v. *Heggie*, 105 *Ga.* 30, 33 (31 S. E. 118); *Moultrie Repair Co.* v. *Hill*, 120 *Ga.* 730 (4) (48 S. E. 143); *Venable* v. *Young*, 137 *Ga.* 375 (3) (73 S. E. 633); *Ayash* v. *Ga.*

*Show Case Co.*, 17 *Ga. App.* 467 (4) (87 S. E. 689). This right of the defendant was expressly insisted on by the terms of his plea and at the trial. It is not made to appear that this general and well-recognized rule would be inapplicable to this case because of any such peculiar and particular state of facts as existed and controlled the ruling in *Pannell v. McGarity*, 27 *Ga. App.* 71 (107 S. E. 352).

5. While the defendant's plea failed to set up any legal defense which would defeat the plaintiff's right to recover under the rules stated, it was good in so far as it alleged certain amounts as payments to the plaintiff and its assignor on the retention-of-title contracts, as it may be taken as thus limiting the amount of plaintiff's recovery to such portion of the fund arising under the judicial sale as represented the amount still remaining due and unpaid on such contracts, provided such amount shall not exceed the value of the property under the rule stated. Only for this reason, and for the reason that the plea showed the nature of the transaction and contracts to be such as would require a return of or accounting for the purchase-money notes as a condition precedent to a verdict for the plaintiff, the plea should not have been stricken in its entirety upon the plaintiff's general oral motion. Although it appears without dispute that the amount of the recovery was in accordance with the rules stated, and did not exceed the amount of proceeds of the judicial sale, the admitted value of the property, or the amount remaining unpaid on the notes and therefore that the error in striking the plea in its entirety would of itself have been harmless, the judgment of the trial court must be reversed for the reason stated in the preceding paragraph.    *Judgment reversed. Stephens and Hill, JJ., concur.*

DECIDED MARCH 20, 1922. REHEARING DENIED APRIL 1, MAY 6, 1922.

Trover; from city court of Macon — Judge Gunn. July 1, 1921.

*Gillon & Churchwell,* for plaintiff in error.

*Walter DeFore, James C. Estes,* contra.