### 14592.  FULGHUM & LEWIS *v.* GENERAL MOTORS ACCEPTANCE CORPORATION.

BROYLES, C. J.  1.  " The rule that the bringing of a suit in trover by a vendor of property who has reserved title thereto in himself until payment of the purchase-price, *and his election to take the property itself,* and his recovery of it, amount to a rescission of the contract of purchase, and that there can be no subsequent action for any further recovery, is not applicable to a case where the contract of sale contains a provision that if the note given for the purchase-price of the property is not paid at maturity, the vendor is authorized to repossess himself of the property, to sell it for cash at public outcry, and to credit the proceeds from the sale on the note; and where the vendor, upon the failure of the vendee to pay the note at maturity, and upon the refusal of the vendee to give up the property, brings a suit in trover for the sole purpose of obtaining possession of the property, in order

39

that he may sell it and credit the proceeds of the sale on the note, and where, prior to the hearing of the trover suit, the vendee returns the property to the vendor, and the vendor sells it at public outcry and credits the proceeds of the sale on the purchase-money note." *Pannell* v. *McGarity*, 27 *Ga. App.* 71 (107 S. E. 352).

(*a*) The request of counsel for the plaintiff in error, that the decision in the *Pannell* case, supra, be reviewed and overruled, is denied.

2. Under the principle of law laid down in the *Pannell* case, supra, and the particular facts of the instant case (which distinguish it from the various cases cited and relied upon by counsel for the plaintiff in error), the trial court did not err in directing a verdict in favor of the plaintiff, or thereafter in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 10, 1923. REHEARING DENIED JULY 27, 1923.

Complaint; from city court of Oglethorpe — Judge Greer. April 16, 1923.

Fulghum & Lewis sold an automobile to Oliver for $785, under a contract which reserved title in the vendors until payment of the balance due thereon, amounting to $500, for which the purchaser executed a promissory note payable in six monthly installments. The vendors sold and assigned the note and their interest under the contract to the General Motors Acceptance Corporation. Only three of the installments on the note were paid. Several months after the last installment had become due, the General Motors Acceptance Corporation sent its representative Sudderth to collect the amount due, he called at the place of business of Oliver in Americus, Ga., and was told that Oliver was in Florida, and, after waiting several days, he obtained possession of the automobile from Oliver's agent, who turned it over to him at his request. He then drove it to the place of business of Fulghum & Lewis, in Montezuma, and demanded payment of the balance due on the note, and offered to deliver the car to them on payment of the amount due. The demand and offer were refused, and Sudderth stored the car in Americus, where some months later it was sold by the General Motors Acceptance Corporation. The amount realized from the sale was credited on the note, and the corporation sued Fulghum & Lewis for the balance alleged to be due. The defendants in their plea denied liability and contended that the retaking and resale of the car amounted to a rescission of the original contract.

At the trial Sudderth testified, among other things: " There were no legal proceedings taken in the sale of the car, for under

the terms of the contract we had the right to sell it at public or private sale. . . We had no agreement with Mr. Oliver to repossess this car, but made a most diligent effort to get in communication with him and were unable to do so." "The car was finally sold by a representative of this corporation for $100. At the time this car was sold it was worth approximately $100. . . At the time the car was repossessed the resale value was approximately $100; I referred to the resale as to market value of it in Americus." One of the defendants testified that the plaintiff's representative called him over the telephone and said that he (the representative) was going to sell the car that day for $100, and the defendant replied that it was "a shame to sell the car for that." He testified further: "We did not authorize the General Motor Acceptance Corporation to dispose of this car for $100, nor any other amount, and, on account of the condition of the car and the general appearance of it, it was easily worth $350. We did not have any notice from the General Motors Acceptance Corporation other than as above stated, that they intended to sell this car or that they had sold it."

The contract of sale contained the following provisions:

"7. In the event of a default of the purchaser in complying with the terms of payment hereof, the seller may take immediate possession of said property, and for this purpose seller may enter upon the premises where said property may be and remove the same; thereupon all rights of the purchaser hereunder in said property and in the payments theretofore made shall terminate absolutely.

"8. Seller may sell said property so retaken at public or private sale without demand for performance, with or without notice to the purchaser and with or without having such property at the place of sale, and upon such terms and in such manner as seller may determine, and to that end may make such repairs as seller deems necessary; and seller shall have the right to bid at any public sale.

"9. Seller shall have the right to deduct from the proceeds of any sale all expenses incurred by seller in retaking, repairing, and selling said property, including a reasonable attorney's fee, and the balance thereof shall be applied to the amount due holder of said note, and any surplus remaining shall be paid over to the

purchaser; and in case of a deficiency purchaser covenants to pay- the same forthwith with the highest legal rate of interest, and the purchaser does hereby confess judgment in the amount of said deficiency.

"10.  The seller shall have the right to enforce any one or more remedies hereunder, either successively or concurrently, and such action shall not operate to estop or prevent the seller from pursuing any other remedy which he may have hereunder. and any repossession or retaking of the property, temporary or otherwise, or sale of the property, pursuant to the terms hereof, shall not operate to release the purchaser until full payment has been made in cash."

A verdict against the defendants for the balance alleged to be due, with interest and attorney's fees, was directed by the court.

*Robinson & Ford,* for plaintiffs in error, cited: Park's Code, § 4391; 122 *Ga.* 458; 85 *Ga.* 27 (2); 41 *Ga.* 171-179; 89 *Ga.* 251; 8 *Ga. App.* 197; 85 *Ga.* 742; 100 *Ga.* 51; 2 *Ga. App.* 478; 27 *Ga. App.* 689; 29 *Ga. App.* 496; 27 *Ga. App.* 71 (distinguished).

*Benjamin F. Neal,* contra, cited: 27 *Ga. App.* 71, 74; Id. 340; 28 *Ga. App.* 428 (2); 128 *Ga.* 519; 141 *Ga.* 63; 122 *Ga.* 458 (distinguished).