### 15134.   BRANCH *v.* FISHER, LOWREY & FISHER.

Where the holders of a purchase-money note retaining title to personal property sued out bail process in trover for the property, and it was seized thereunder, and, not being replevied, was sold by the sheriff under an order of court, as being perishable (Civil Code of 1910, § 5153), the trover proceeding and its result constituted a rescission of the contract so far as the purchase price of the property was concerned, and the plaintiffs were not entitled to recover more than the proceeds of the sale "together with hire or interest from the date of conversion to the date of seizure." The court erred in directing a verdict for the amount of the note and interest, less the net amount received from the sheriff's sale.

DECIDED APRIL 19, 1924.

Trover; from city court of Soperton—Judge Moye presiding. October 2, 1923.

*G. B. Davis, D. R. Jackson,* for plaintiffs in error.

*N. L. Gillis Jr., Saffold & Stallings,* contra.

JENKINS, P. J. This action in trover for the recovery of a mule under a retention-of-title note was tried on the following agreed statement of facts: "that said defendants signed and executed the note; that they were in possession of the property therein described at the time the same was seized and taken possession of by M. B. Ware, sheriff of Treutlen county, Georgia, under this

bail-trover proceeding; that neither plaintiffs nor defendants gave bond or replevied said property; that the sheriff applied for and obtained an order to sell said property as perishable property as provided by law; that, after obtaining this order to sell, the property was advertised and sold by the sheriff at and for the sum of $80, at which sale said property was purchased by the plaintiffs, . . and the proceeds of such sale were applied to the indebtedness represented by said note, and that such sale was had prior to this trial, and such sale was had for the reason that neither the plaintiff nor defendants gave bond for or replevied said property." Exception is taken to the court's direction of a verdict for $156 principal and $10.71 interest, which was "the full amount of said note and interest thereon, less the net amount received by plaintiffs from the sale of said property, as shown by agreed statement of facts," upon the ground that under the agreed facts plaintiffs were entitled only to a money verdict "for the amount of the proceeds of the sale of the property together with hire from the date of conversion to the date of seizure." "The trover proceedings and their result constituted a rescission" of the retention-of-title contract "so far as the purchase price of the property was concerned." *Glisson* v. *Heggie,* 105 *Ga.* 30, 33 (31 S. E. 118). "Where property has been seized by a sheriff under bail process, and, not having been replevied, has been sold by the officer under section 5153 of the Civil Code (1910) as being perishable or expensive to keep, . . the provisions of the . . statute are intended both to limit the plaintiff to a 'money verdict for the amount of the proceeds of such sale, together with hire or interest from the date of conversion to the date of seizure,' and to fix by such amount of proceeds the maximum recovery for the value of the property, which, under the general rule in trover actions, is 'the highest proved value of the property at any time between the date of the conversion and the trial, or its value at the date of the conversion with interest from that date,' " with the further limitation that the recovery shall in no case exceed the unpaid principal and interest on the retention note. *Smith* v. *Commercial Credit Co.,* 28 *Ga. App.* 403 (2) (111 S. E. 821). The proceeds of the sheriff's sale, under the agreed facts, amounting to only $80, it was error, therefore, to direct a verdict for a sum in excess of that

amount "together with hire or interest from the date of conversion to the date of seizure."

*Judgment reversed. Stephens and Bell, JJ., concur.*