### 15406. NELSON *v*. PARKER.

LUKE, J. 1. While it is true that "a vendor who has taken a note for the purchase price of personalty and has reserved title in himself until full payment of the purchase money cannot in an action of trover for the property after a default in payment recover the value of the property from the vendee until the note has been delivered up to him or has been sufficiently accounted for so that the vendee will incur no further risk of liability thereon" (*Smith* v. *Commercial Credit Co.,* 28 *Ga. App.* 403 (4), 111 S. E. 821, and cases cited), yet where the plaintiff elected to take a money verdict in lieu of the property, and brought into court and introduced in evidence the note in question, and where it indisputably appeared from the evidence that the plaintiff was the owner of the note and that the indebtedness evidenced thereby was past due, it followed, as a necessary conclusion, that, when the plaintiff prevailed according to his election, neither he nor any other person could ever enforce any further liability upon the note. See *Securities Trust Co.* v. *Marshall,* 30 *Ga. App.* 379 (7) (118 S. E. 478), and citations.

2. The evidence amply authorized the verdict returned, and the court did not, for any reason assigned, err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MAY 14, 1924. REHEARING DENIED JUNE 10, 1924.

Trover; from city court of LaGrange—Judge Duke Davis. January 10, 1924.

*Hallie B. Bell, M. U. Mooty,* for plaintiff in error.

*L. B. Wyatt,* contra.