## 16876. STANDARD MOTORS FINANCE COMPANY INCORPORATED *v.* O'NEAL.

1. Where the transferee of the vendor in a conditional sale, on the vendee's default in paying installments of the purchase-money, brought against him an action of bail-trover to recover the property sold, and where the property, having been seized under the bail process and not replevied by either party, was sold under the provisions of the Civil Code, §§ 5153 and 6068, the plaintiff's recovery could not exceed either the remainder of the debt, or the proceeds of the sale with hire or interest from the date of conversion to the date of the seizure.

2. In such a case the plaintiff is in the position of having elected to take a verdict for the property, and may be required to account for payments made on the purchase price. And this is true notwithstanding a stipulation in the contract of conditional sale that, "In case of default in the payment of any installment, the vendor may at its option, either with or without legal proceedings, retake the possession of said property, in which case the amounts which have been paid up to that time may be retained as rental of said property." This stipulation could not be enforced for the purpose of retaining as rent the amounts paid on the purchase price, since the value of the property for rent was capable of computation and not uncertain in character, and it does not appear that the parties by this clause undertook in good faith to arrive at the damages which might be sustained as a result of the vendee's breach. Civil Code (1910), §§ 4390, 4391; *Blitch* v. *Edwards*, 96 *Ga.* 606 (24 S. E. 14); *Heard* v. *Dooly County*, 101 *Ga.* 619 (28 S. E. 986); *Lytle* v. *Scottish American Mortgage Co.*, 122 *Ga.* 458 (9) (50 S. E. 402).

3. But where on the question of accounting the defendant takes the affirmative and seeks a judgment against the plaintiff for the amounts paid, a plea filed by him for that purpose should allege a readiness on his part to account for hire and to do equity. He would be liable not only for reasonable hire, but also for any depreciation in the value of the property by damage or injury, over and above ordinary wear and tear, which it may have sustained while in his hands. The plea filed in this case was fatally defective in failing to offer equity. This conclusion is not altered by the fact that the plaintiff originally sued for hire and later struck this claim.

4. The statement as to his financial condition, made and delivered by the defendant to the vendor in the negotiations for the purchase of the property, was in this case irrelevant as evidence, and the court did not err in excluding it.

(*a*) The court erred in not sustaining the general demurrer to the defendant's plea. No other error ws committed.

DECIDED SEPTEMBER 18, 1926.

Trover; from city court of Bainbridge—Judge Spooner. October 12, 1925.

*R. G. Hartsfield, H. G. Rawls,* for plaintiff.

*G. G. Bower,* for defendant.

BELL, J. Bainbridge Motor-Car Company sold to M. E. O'Neal two automobiles, accepting other property as the equivalent of a payment of $390 and taking his notes for the aggregate of $1156.08 as the balance of the purchase price. Separate notes and contracts were made for each automobile, and the title to each was reserved in the seller until full payment of the purchase price. The notes of each series were payable in monthly installments, and stipulated, as did also the contracts of conditional sale, that on the failure of the purchaser to pay any note within 3 days after its maturity, the entire amount of the series would become due and payable forthwith at the election of the holder. Each contract of conditional sale contained the following clause: "In case of default in the payment of any installment, the vendor may at its option either with or without legal proceedings retake possession of said property, in which case the amounts which have been paid up to that time may be retained as rental of said property for the time which I have had it." Bainbridge Motor-Car Company sold the notes and contracts, together with the reserved titles, to the Standard Motors Finance Company. Default having been made in the payment of several notes of each series, the transferee sued O'Neal in bail-trover for the automobiles. The vehicles were seized, and not being replevied by either party, were sold under the provisions of the Civil Code, §§ 5153, 6068. This sale was on the application of the plaintiff. The proceeds amounted to $500. Thereafter the defendant filed a plea, to which the court later allowed two amendments. The plea as amended alleged that at the time of his purchase the defendant paid on the purchase price the sum of $390, and set forth the facts touching on the "short-order sale." Upon the basis of these allegations, without more, the defendant prayed that he have judgment against the plaintiff for the sum of $390 "for refund of" the amount paid. The court overruled general and special demurrers to the defendant's plea as amended. In the original petition the plaintiff sued for hire, but by amendment it struck this claim. In the trial of the case the court, on tender by the plaintiff, refused to admit in evidence a written

statement as to the defendant's financial condition, made by him to the Bainbridge Motor-Car Company, in the negotiations for the purchase. The above facts being developed at the trial without dispute, the court directed a verdict in favor of the plaintiff for $500, "the amount which the automobiles sold for," and in favor of the defendant for $390 "on the plea of recoupment," "leaving a difference in favor of the plaintiff of only one hundred and ten dollars," to be paid out of the proceeds of the short-order sale. Judgment was entered accordingly. Thereupon the plaintiff brought the case to this court for review. The bill of exceptions assigns as error the overruling of the demurrer to the plea, the rejection from evidence of the financial statement, and the verdict and judgment. The parties will be referred to in the opinion according to their position in the trial court.

1. Counsel for the plaintiff contend that the court erred in not allowing the plaintiff to recover the balance due on the purchase price. The property not having been replevied by either party and having been sold under short order, the plaintiff's recovery could not exceed either the remainder of the debt, or the proceeds of the sale with hire or interest from the date of the conversion to the date of the seizure. In such a case there is a double limitation. The plaintiff did not claim hire or interest. The proceeds of the sale being less than the debt, the plaintiff was entitled to a verdict for the full amount of the proceeds, but no more. Civil Code, § 5153; *Smith* v. *Commercial Credit Co.*, 28 *Ga. App.* 403 (2), (3) (111 S. E. 821); *Ellis* v. *Hopps*, 30 *Ga. App.* 453 (2) (118 S. E. 583); *Branch* v. *Fisher*, 32 *Ga. App.* 126 (122 S. E. 720).

The plaintiff's act in bringing the property to a pendente lite sale was the equivalent of an election to take the property itself. It is true that in such circumstances a money verdict is the only proper one, yet it is not a money verdict in the ordinary sense. The proceeds of the sale "stand in lieu of the property." For the purpose of ascertaining the rights of the defendant, the plaintiff is in the same situation as if, without the impediment of the short-order sale, he had elected to take the property. *Glisson* v. *Heggie*, 105 *Ga.* 30 (31 S. E. 118). The plaintiff's election to proceed in trover was a rescission of the defendant's promise to pay. *Ayash* v. *Ga. Show-Case Co.*, 17 *Ga. App.* 467 (2) (80 S. E. 689); *Good Roads Machinery Co.* v. *Neal*, 21 *Ga. App.* 160

(4) (93 S. E. 1018) ; *Scott* v. *Glover,* 7 *Ga. App.* 182 (66 S. E. 380) ; *Spiers* v. *Hubbard,* 12 *Ga. App.* 676 (78 S. E. 136). This is in accordance with the general rule. An exception was recognized in *Pannell* v. *McGarrity,* 27 *Ga. App.* 71 (107 S. E. 352), and in *Fulghum* v. *General Motors Acceptance Corp.,* 30 *Ga. App.* 609 (118 S. E. 600). In the present case nothing was shown to take it without the general rule. So far as appears, the action was to assert general title, and not to repossess the property for the purpose of enforcing the special terms of the agreement, under the principle of the *Pannell* and *Fulghum* cases. Even if the plaintiff had sought to recover the property merely for the purpose of holding it or disposing of it for the benefit of the defendant, it would be estopped to make such contention, where, pending the suit, it procured a judicial sale of the property, thus making it impossible for the defendant to redeem it by paying the debt. The *Pannell* and *Fulghum* cases do not support the contention that the plaintiff can yet rely upon the contract for a money judgment for the balance of the debt. The rule as applied in those cases can have no application in a case like the one now under consideration.

2. Where the plaintiff sues in trover and elects to take the property, or is in the position of having so elected, he may be required to account for payments made on the purchase price. *Hays* v. *Jordan,* 85 *Ga.* 741 (2) (11 S. E. 833, 9 L. R. A. 373) ; *McDaniel* v. *Gray,* 69 *Ga.* 433 ; *Cowart* v. *Brigman Motors Co.,* 32 *Ga. App.* 123 (122 S. E. 645) ; *Scott* v. *Glover,* 7 *Ga. App.* 182 (66 S. E. 380) ; *Brice* v. *Whitehurst,* 8 *Ga. App.* 291 (2) (68 S. E. 1075). In such a case the payments can not be held by the plaintiff and credited on the debt as in those cases where the vendor or his transferee is suing the vendee and is at liberty to elect and does elect to take a money verdict, in the ordinary sense, not in excess of the balance of the unpaid purchase price. *Kalas* v. *Fay,* 31 *Ga. App.* 109 (4) (120 S. E. 28) ; *Elder* v. *Woodruff Co.,* 9 *Ga. App.* 484 (2) (71 S. E. 806) ; *Jordan* v. *Jenkins,* 17 *Ga. App.* 58 (1 b) (86 S. E. 278) ; *Harrison* v. *Central Ga. Automotive Co.,* 31 *Ga. App.* 603 (121 S. E. 689). In the latter class of cases the contract becomes relevant for the purpose not only of showing title and the right of asserting it, but also as evidence of value and of the rate of interest allowable in the recovery. *Elder* v. *Woodruff Co.,* supra; *Securities Trust Co.* v. *Marshall,* 30 *Ga.*

*App.* 379 (6) (118 S. E. 478) ; *Williams* v. *Baggs Auto Co., 32 Ga. App.* 253 (5, 6) (122 S. E. 805) ; *Fussell* v. *Heard,* 119 *Ga.* 527 (46 S. E. 621) ; *Moultrie Repair Co.* v. *Hill,* 120 *Ga.* 730 (6) (48 S. E. 143) ; *Thomason* v. *Moore,* 139 *Ga.* 341 (3) (77 S. E. 155).

To require this plaintiff to account for amounts paid might at first blush seem to be a hard doctrine when it is remembered that the Bainbridge Motor-Car Company and not the plaintiff was the person receiving the payments. The reply to this thought is two-fold: 1. When the plaintiff accepted the transfers it took the place of the original vendor, and must stand or fall in it. Having taken the vendor's rights, it can enforce them only upon the term that would have bound the vendor. Rights which the defendant may have had against the latter could not be cut off by the transfer. 2. While the plaintiff did not receive the payments directly, the money went into the property. It represented the interest which the defendant had in the automobiles. If the plaintiff takes the property (here the proceeds of the sale), it will get the value or benefit of the amount paid, and hence it should account for the same as the defendant's interest. *Hays* v. *Jordan,* supra. (A somewhat similar question was noticed but not decided in *Finance Co.* v. *Jones,* 33 *Ga. App.* 94 (5) (125 S. E. 510). We may not yet decide the identical question left open in that case.) It may or may not be true that the plaintiff's election to sue in trover rescinded and nullified the stipulation that if the plaintiff should repossess the property, the amounts paid up to that time should be retained as rental. See, in this connection, *City of Jeffersonville* v. *Cotton States Belting &c. Co.,* 30 *Ga. App.* 470 (118 S. E. 442) ; *Thomason* v. *Moore, Ayash* v. *Ga. Show-Case Co., Good Roads Machinery Co.* v. *Neal, Scott* v. *Glover, Spiers* v. *Hubbard,* supra; such cases as these being, for reasons already pointed out, distinguishable in principle from the *Pannell* and *Fulghum* cases, supra. Whether rescinded or not, the stipulation just referred to could not be enforced for the purpose of retaining as rent the amounts paid on the purchase price, since the value of the property for rent was capable of computation and was not uncertain in character, and it does not appear that the parties by this clause undertook in good faith to arrive at the damages which might be sustained as a result of the vendee's breach.

Civil Code (1910), §§ 4390, 4391; *Hays* v. *Jordan, Blitch* v. *Edwards, Heard* v. *Dooly County, Lytle* v. *Scottish American Mortgage Co.,* supra.

3. It follows, from what we have just said, that we can not concur in the contention that the plaintiff could not be required, under any circumstances, to account for the payments which the defendant had made on the purchase price. We agree, however, that the defendant's plea failed to set forth such facts as entitled him to the affirmative relief prayed for. Whether it be true that, when it appeared that such payments had been made and that by reason of the short-order sale the plaintiff was precluded from any other election except to take the property or its equivalent, the defendant, in the absence of a special plea, might properly have moved for a nonsuit or otherwise have made objection to the plaintiff's taking judgment *against him* until it accounted for the amount paid (*Mallary* v. *Moon,* 130 *Ga.* 591, 61 S. E. 401; *Cowart* v. *Brigman Motors Co.,* supra), yet he adopted no such procedure. Instead he came forward with an affirmative plea on which he prayed judgment *against the plaintiff.* He did not attempt merely to .defend himself from the attack of the plaintiff, but led the combat by a positive attack of his own. In this situation the plea "lacked one essential element," namely, it did not allege a readiness on the defendant's part to account for hire and to do equity. He would be liable not only for reasonable hire, but also for any depreciation in the value of the property by damage or injury, over and above. ordinary wear and tear, which it may have sustained while in his hands. Although this case involves a rescission of a sale of personalty, there is no reason why the rights of the parties should not be determined by the same general principles which govern in cases of rescission of sales of real estate after part payment of the purchase-money, in which cases a court of equity will seek to restore the original status as nearly as may be done under all the circumstances. See, in this connection, *Enterprise Distributing Corp.* v. *Zalkin,* 154 *Ga.* 97 (113 S. E. 409) ; *Stringfellow* v. *Stringfellow,* 143 *Ga.* 339 (85 S. E. 108) ; *Couch* v. *Crane,* 142 *Ga.* 22 (82 S. E. 459) ; *Lytle* v. *Scottish American Mortg. Co.,* supra; *Blitch* v. *Edwards,* supra; *Snook* v. *Raglan,* 89 *Ga.* 251 (15 S. E. 364) ; *Gray* v. *McDaniel,* 73 *Ga.* 118; *McDaniel* v. *Gray,* 69 *Ga.* 433.

The defendant was relying upon rescission and seeking equity. It was therefore incumbent upon him to do equity. The silence of the plea upon this subject was fatal, and the court erred in not sustaining the general demurrer thereto.

This is true notwithstanding the plaintiff, by amendment, struck his claim for hire. *Commercial Publishing Co.* v. *Campbell Printing Co.*, 111 *Ga.* 388 (2) (36 S. E. 756).

4. Under the other facts appearing, the financial statement was irrelevant, and the court did not err in excluding it from evidence. There was no merit in the special demurrers. The only error committed was in not sustaining the general demurrer to the defendant's plea.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*