## HUDSON vs. GOFF.

77 281
f130 592

1. In action to recover personal property, the plaintiff's right under the Code to elect upon the trial whether he will accept an alternative verdict for the property or its value, or a verdict for the damages alone, or for the property alone, with hire, is not lost by suing out a bail process, pending the action, and causing the property to be seized, though the defendant may not have replevied nor otherwise regained possession from the officer.

2. When land-owner and cropper stipulate that the former is to continue in possession of the latter's part of the crop until all advances are paid for, a demand and refusal before full payment will not establish conversion.

3. That a party furnished money to his attorney with which to tender payment is no proof that either he or his attorney made the tender.

February 8, 1887.

Trover. Practice in Superior Court. Bail. Croppers. Tender. Attorney and Client. Before Judge SIMMONS. Sumter Superior Court. October Adjourned Term, 1885.

Goff brought an action of trover against Hudson to recover certain corn, fodder and other farm products. The plaintiff made an affidavit to obtain bail process, and the sheriff seized the property. On the trial, the following facts, in brief, appeared : The plaintiff worked on the farm of the defendant and was to receive one-third of the crop. By the contract, the defendant was to have possession of the plaintiff's part of the crop until all advances were paid for. The property sued for was the plaintiff's portion of the crop, and it had been separated from the defendant's part, but remained in possession of the defendant, who refused to deliver possession to the plaintiff on demand. The plaintiff owed the defendant a balance for advances. When the bail process was sued out, the sheriff took possession of the property, and the defendant never had possession afterwards. The plaintiff testified that he borrowed money from a person named and gave it to his attorney to give to the defendant.

The jury found for the plaintiff $64.63. The defendant moved for a new trial, making, in substance, two grounds:

(1.) Because the verdict was contrary to law and the evidence.

(2.) Because the court ruled and charged to the effect that the plaintiff could elect to take a money verdict, and the seizure of the property by the officer did not destroy his right to so elect.

The motion was overruled, and the defendant excepted.

B. P. HOLLIS, for plaintiff in error.

E. G. SIMMONS, for defendant.

BLECKLEY, Chief Justice.

1. In an action to recover personal property, the plaintiff's right, under the Code, to elect upon the trial whether he will accept an alternative verdict for the property or its value, or a verdict for the damages alone, or for the property alone, with hire, is not lost by suing out a bail process, pending the action, and causing the property to be seized, though the defendant may not have replevied nor otherwise regained possession from the officer.

This is a somewhat novel question in our practice, and we have considered it carefully and arrived at the conclusion just stated. The matter of suing out bail process is simply the use of a prescribed remedy. The plaintiff in trover has that right, and his use of it does not preclude him from exercising any other statutory right which is consistent with it. . The right to elect upon the trial is distinctly conferred by the Code, §3564, which section is anticipated somewhat in sections 3563, 3028, 3079. The steps taken to secure the forthcoming of the property to answer the judgment are not inconsistent with the right to have the judgment for damages, when rendered, collected out of that property. Another section of the Code (3585) declares that in case of recovery, the property is subject to the judgment, and that the title to it does not vest in the defendant until the judgment is paid; out of that property the plaintiff has a right to satisfaction, and his recovery constitutes the first lien upon it. §3079. The object of the bail process is simply to secure the forthcoming of the property to answer in the manner authorized by law, for such recovery as may be had, or to get bond and personal security instead. If the election be to take the property specifically, that, of course, is the end of the matter, and the recovery is satisfied by getting or retaining the property. But where the plaintiff elects to take a money verdict, the property is to be applied to its satisfaction. In the pres-

ent case, it does not appear what became of the property, further than that it was seized by the officer, and did not return to the possession of the defendant. Whether it remained in the hands of the officer, or whether the plaintiff gave bond and security, as the statute authorized him to do, and took possession of it himself, does not appear. If he had done the latter, and the facts were proved, in all probability it would be allowable for the jury to apply the value of the property, at the time he received it, in mitigation of damages, and simply render a verdict for the balance. But there is no basis in this case to adjudicate, further than that the use of this remedy did not preclude the plaintiff from making his election to take a money verdict at the time of trial. It was suggested that the adoption of this remedy was an election, and that he was bound by it as an election, although not exercised at the time of trial. We think not. An election to better one's security is not an election to accept the security in satisfaction.

2. When land-owner and cropper stipulate that the former is to continue in possession of the latter's part of the crop until all advances are paid for, a demand and refusal before full payment will not establish conversion. The evidence here was uncontradicted that the parties stipulated that the cropper's portion of the crop, which was two-thirds, should be held by the land-owner until all advances were paid for. We designate him as a " cropper " because it does not appear from the record that the relation of landlord and tenant subsisted between the parties. It is probable that that would make no difference under an agreement similar to this. The case, however, is ruled upon the view of the relation between them being that of land-owner and cropper.

3. That a party furnished money to his attorney with which to tender payment is not, of itself, proof that either he or his attorney made the tender. The evidence stops (and the plaintiff himself was the witness) with the fact that he had borrowed money and placed it in the hands

of his attorney to make a tender of the balance due for the advances which he had received. The attorney does not testify, nor does any one testify, that such a tender was actually made. The landlord's evidence is that a balance of $11 and more remains due, and this appears to be uncontradicted. We think, therefore, that this action was brought prematurely. It could not be maintained, under the contract between the parties, whilst there was a balance due from the plaintiff to the defendant. Consequently, we reverse the judgment. 61 *Ga.* 489.

Judgment reversed.