## COMMERCIAL PUBLISHING CO. *et al. v.* CAMPBELL PRINTING-PRESS & MANUFACTURING CO.

1. Grounds of a motion for a new trial alleging error in admitting or in rejecting evidence can not be considered when they fail to distinctly inform the court what was the evidence to which they, respectively, relate.
2. When, in defense to an action of bail-trover for the recovery of personalty which the plaintiff had sold to the defendant under a contract reserving title till the purchase-money should be paid, the latter set up that the former had received a part of the price, and was not, without returning the same, entitled to a verdict for the property itself, it was not, though no claim for hire was made in the petition, erroneous to admit in behalf of the plaintiff evidence showing the value of the property for hire while in the defendant's possession, or to charge the jury that if such value was equal to or exceeded the amount of the payments upon the purchase-price, the plaintiff was not bound to return the money which the defendant had paid upon the purchase.
3. The evidence warranted the verdict.

Argued June 15, — Decided July 13, 1900.

Bail-trover. Before Judge Reid. City court of Atlanta. September term, 1899.

*Walter R. Brown*, for plaintiffs in error.
*Harvey Hatcher Jr.* and *E. M. & G. F. Mitchell*, contra.

LUMPKIN, P. J. The Campbell Printing-Press & Manufacturing Company brought against the Commercial Publishing Company, and R. B. Blackburn as receiver for its assets, an action of bail-trover for the recovery of a printing-press and outfit. In its petition the plaintiff alleged that it had entered into a written contract with the Publishing Company under the terms of which it agreed to purchase the property in question, paying therefor by instalments, but that, after paying a portion of the purchase-money, it had refused to comply further with its obligations; that the property was sold with reservation of title, and it was expressly stipulated in the contract that, should such default be made, the plaintiff should have the right to immediately retake possession; but that, notwithstanding this stipulation and the fact that the Publishing Company was in default, it had, on proper demand, refused to yield possession of the property, which conduct on its part amounted to a conversion of the same. On the trial the plaintiff elected to take

a verdict for the property itself.    The defense interposed was,
that the contract between the parties was one of conditional
sale, and the plaintiff was in equity liable to account for so
much of the purchase-money as had been paid to it, etc., etc.,
to the end that the rights of the defendants in the premises
might be protected, and an equitable rescission of the contract
effected.    The jury returned a verdict in favor of the plaintiff,
which embraced a finding that the payments made upon the
purchase-price of the property did not exceed its fair rental
value while in the possession of the Publishing Company.    The
defendants thereupon filed a motion for a new trial, which was
overruled, and they excepted.

1. One ground of the motion alleges error in admitting
oral evidence with reference to a certain matter, but fails to
state what the evidence was.    In several grounds complaint is
made of the admission in evidence of certain documents, with-
out setting the same forth either literally or in substance.    In
two of the grounds it is alleged that the court erred in refus-
ing to permit certain questions to be answered, but the motion
does not state what evidence the movant expected to elicit
thereby.    It is obvious, in view of the repeated rulings of this
court, that none of these grounds of the motion present any
question upon which we can undertake to pass.

2. The only question of law properly made is presented in
certain grounds of the motion assigning error upon the admis-
sion of evidence as to the value of the property for hire, and
complaining of instructions given to the jury with reference
to this matter.    These instructions were to the effect that while
it was incumbent upon the plaintiff to account for and return
the purchase-money it had received, it was not bound to do so
if the value of the property for hire, while in the possession of
the defendants, was equal to or exceeded the amount of the
payments made upon the purchase-price.    It was insisted
that the evidence admitted over objection was inadmissible,
and the charges referred to were inappropriate, because the
plaintiff had not in its petition prayed for the recovery of any
sum as hire.    We do not think the court erred either in ad-
mitting the evidence or in instructing the jury as indicated.
It is evident that the court undertook to try the case in accord

with the equitable rule, recognized in *Hays* v. *Jordan*, 85 *Ga.*
741, that where a seller of personalty, who has reserved the
title and has received partial payments of the purchase-money,
brings an action to recover possession of the property, he is in
equity and in good conscience liable to account for the money
actually received, less the value of the property for hire.   The
answer of the defendants, as we understand it, was intended to
be framed in pursuance of this rule, though it lacked one es-
sential element, viz., it did not allege a willingness to account
for the hire or even in general terms assert a readiness on the
part of the defendants to do equity.   We do not think, there-
fore, that they can justly complain of the admission of evi-
dence which would surely have been pertinent had their plead-
ings been complete.   They were seeking an equitable rescis-
sion, and, in order to obtain equity, it was incumbent upon
them to offer to do equity.   It must not be overlooked that
the plaintiff was standing squarely upon its legal right to re-
cover possession of the property on the strength of its title,
which was undisputed, and which it had an undoubted right
to assert because of the breach of a contract which expressly
stipulated that in case of default in paying any instalment of
the purchase-money as it fell due, the plaintiff should be enti-
tled to retake the property.   As the plaintiff was not seeking
by its action to do more than this, and was not asserting any
claim for hire, its right to recover was manifest, unless the de-
fendants set up some reason, either legal or equitable, to the
contrary.   There was nothing from the plaintiff's standpoint,
requiring it to go into the equities between the parties; and
as the defendants sought to do so, it was, to say the least,
incumbent on them to set forth the equities pro and con and
abide by the result.   The evidence in question was, therefore,
not inadmissible because the plaintiff was not suing for hire,
but strictly pertinent to the issues which the answer sought to
raise, or at least ought to have raised in order to give the de-
fendants a standing in court.   The plaintiff was not seeking
to prove the hire with a view to recovering the same, but its
purpose was simply to defeat, by the introduction of compe-
tent evidence, the alleged right of the defendants to demand a
return to them of the purchase-money which had been paid.

This was perfectly legitimate; for, as above pointed out, the pleadings of the defendants, not those filed by the plaintiff, were incomplete and defective. As the evidence objected to was properly admitted, it follows, of course, that the instructions which the court gave in connection therewith were fully warranted, they being in substance correct.

3. The motion for a new trial also complains that the verdict was contrary to the evidence. In our opinion, there was ample evidence upon which to base the jury's finding.

*Judgment affirmed. All the Justices concurring.*