## MALLARY BROTHERS & COMPANY *v.* MOON.

1. A vendor by conditional sale, who brings an action of trover and bail against his vendee, and receives from the executing officer ·the property by giving bond as provided in the Civil Code, §4606, and who thereafter disposes of the property so as to put it beyond his power to produce, is not entitled to elect, on the trial of the case, to take a money verdict.
2. In the absence of a written request, it is no ground for new trial for the court to omit to instruct the jury on the subject of weighing the testimony of witnesses in cases of conflict.

Argued February 12,—Decided May 12, 1908.

Bail-trover.   Before Judge Littlejohn.   Sumter superior court. February 16, 1907.

On August 22, 1899, Mallary Brothers & Company sold an engine and boiler to George Moon for $625.50, and he executed to them his notes for this sum, with a stipulation that the title to the property should remain in the vendors until full payment of the purchase-money.   He subsequently paid $335 of the purchase-money.   After the maturity of the notes, on December 5, 1900, the vendors brought bail-trover to recover the property.   Moon failing to give a replevy bond, the property was seized by the sheriff; and it was delivered to the plaintiffs upon their giving the bond provided by law in such cases.   The defendant filed a plea of recoupment, and subsequently amended his plea, alleging, that since the institution of the suit the plaintiffs had disposed of the property thus delivered to them, and by this conduct had rescinded the conditional sale and elected to recover the property. He prayed judgment for the sum paid on the purchase-price, less the reasonable hire of the property while in his possession.   On the trial the plaintiffs announced that they elected to take a verdict for damages alone; and the court ruled that as it was admitted that since they had received the property under their bond they had disposed of it and put it out of their power to produce it, they could not elect a money verdict.   Thereupon the plaintiffs proceeded with the case and introduced further evidence.   The jury returned a verdict in their favor for the property, and in favor of the defendant for $180, with interest thereon from Octo-

ber 15, 1900 (the date of his last payment). A motion for a new trial made by the plaintiffs was overruled, and they excepted.

*E. P. Mallary, Lane, Maynard & Hooper,* for plaintiffs.

*Williams & Harper, Shipp & Sheppard,* and *J. B. Hudson,* for defendant.

EVANS, P. J. In suits to recover personal property, the plaintiff may elect, at his option, one of three verdicts: (1) an alternative verdict for the property or its value, (2) a verdict for damages alone, or (3) a verdict for the property alone, and its hire, if any. This election may be made upon the trial of the case; and it is the duty of the court to instruct the jury, in the event they find for the plaintiff, to render the verdict which he has elected. Civil Code, § 5335. The main question involved in the present case is whether this right of election in the plaintiff to take a particular verdict is absolute, or whether, under the circumstances appearing in the statement of facts, this right was lost by the conduct of these plaintiffs. Any person about to commence an action for the recovery of personal property may require bail, upon making an affidavit that the property is in the possession, custody, or control of the defendant, and that he has reason to apprehend that the property has been or will be eloigned or moved away, or will not be forthcoming to answer the judgment, execution, or decree that shall be made in the case. When this affidavit is filed, it is made the duty of the officer serving the petition to take from the defendant a recognizance, payable to the plaintiff, in double the amount of the sworn value of the property and the hire, for the forthcoming of the property to answer such judgment as may be rendered in the case; and the security shall be bound for the payment of the eventual condemnation money, for which judgment may be signed up against the defendant and his security, and execution had thereon without further proceeding. If the defendant refuses or fails to give such security, the property shall be seized by the executing officer and delivered over to the plaintiff, upon his entering into like recognizance with security. Civil Code, §§ 4604-6. It was held in *Hudson v. Goff,* 77 *Ga.* 281 (3 S. E. 152), that the plaintiff's right under the code to elect, upon the trial, whether he will accept the alternative verdict for the property or its value, or a verdict for damages alone, or for the property alone with hire, is not lost by suing out bail process and

causing the property to be seized, though the defendant may not replevy nor otherwise regain possession from the officer. The statute which allows the plaintiff to require bail is for the advantage of the plaintiff; and his election to better his security is not an election to accept the security in satisfaction. In other words, the law does not treat the recognizance as a substitute for the property, so as to deny the plaintiff the right to elect which one of the verdicts the law authorizes him to accept in the event he establishes his right to recover.

In according to the plaintiff the right to give the same recognizance which he may demand of the defendant, and thereby obtain possession of the property which is the subject-matter of the suit, the law intends an impartial reciprocity of protection. Where the plaintiff gives bond and takes the property, and is cast in the suit, the defendant is entitled to recover of the plaintiff the property in his possession, and the defendant, like his opponent, is entitled to make an election of verdicts. *Marshall* v. *Livingston,* 77 *Ga.* 26 (3). If the plaintiff voluntarily abandons or dismisses his case, or is nonsuited, the defendant may move for a judgment of restitution of the property, or if he elects to take a judgment for its value, he may enter up judgment on the bond for its value. *Marshall* v. *Livingston,* supra; *Lauchheimer* v. *Jacobs,* 126 *Ga.* 261 (55 S. E. 55), and cit. When a verdict for damages shall be rendered in favor of the plaintiff in a trover suit, and a judgment is signed thereon, the verdict and judgment do not have the effect to change the property which is the subject-matter of the suit, or to vest the same in the defendant in the suit, until all damages and costs recovered by the plaintiff are discharged, except so far as to subject the property to be sold under and by virtue of an execution issued upon the judgment, and to make the same liable for the damages and costs recovered in the trover suit, in preference to any other judgment against the defendant. Civil Code, § 5358. The proposition that the verdict in a trover suit shall not have the effect to vest the property in the defendant until the judgment for damages has been discharged by him, carries with it the correlative proposition that if the defendant discharges the judgment for damages, then, so far as the plaintiff is concerned, his title to the property becomes absolute. Hence, as the defendant has the same right of election of verdicts which the

plaintiff has in case the defendant is entitled to an affirmative judgment, the plaintiff, after obtaining possession of the property by giving a recognizance in terms of the statute, can not dispose of it so as to deprive the defendant of his right of election. The purpose of the statute allowing the plaintiff to have possession of the property pending the suit is to preserve the same so as to answer the final judgment. If the plaintiff recovers and elects to take a verdict for damages alone, that judgment has a prior lien upon the property for its satisfaction. If the plaintiff disposes of the property so that it can not be sold to satisfy the judgment rendered in the case, then, if the plaintiff elects a verdict for damages alone, the effect of such a verdict would be to recover both the damages and the property. As an illustration, suppose that the plaintiff is the vendor of property sold with a reservation of title until full payment of the purchase-price; that the original purchase-price was $1,000, upon which $800 had been paid, and that the value of the property at the time it is delivered to the plaintiff on his recognizance is $500; and that the defendant files no plea for affirmative relief. Under these facts, where the property is worth more than the balance due, should the plaintiff elect to take a money verdict for the damages alone, his recovery would be limited to the balance due by the defendant. *Ross* v. *McDuffie,* 91 *Ga.* 121 (16 S. E. 648). If in such a case the plaintiff has disposed of the property replevied by him, so that it can not be levied on under the judgment, and he is permitted to elect a verdict for the damages alone, the defendant would lose the excess of the value of the property over the judgment, unless reimbursed by a suit on the plaintiff's bond. The plaintiff, after having thus secured possession of the property and placed it out of his power to return it, will not be allowed to elect to take a verdict for damages, which is based upon the theory that the payment by the defendant of such damages vests the property in the defendant. It is evident that the law does not contemplate that the property should be disposed of by the plaintiff so as to deprive the defendant of any interest that he may have therein after the satisfaction of the judgment for damages.

The various assignments of error, except the one referred to in the next division of this opinion, relate to the ruling, that, under the admitted facts, the plaintiffs had lost their right to elect a

money verdict (that is a verdict for damages alone), this ruling forcing them to elect a verdict for the property and its hire. As we have pointed out, the court did not err in so ruling; and the plaintiffs having proceeded with their case, to recover the property and reasonable hire, the court properly instructed the jury, upon the issue made by the plea, that the plaintiffs were entitled to recover the property and reasonable hire thereon, less the amount which had been paid by the defendant, and that if such amount was found to be in excess of the reasonable hire, then the defendant would be entitled to recover the difference between the payments and such hire.  *Hays* v. *Jordan,* 85 *Ga.* 741 (11 S. E. 833, 9 L. R. A. 373) ; *Commercial Publishing Co.* v. *Campbell Printing Press Co.,* 111 *Ga.* 388 (36 S. E. 756).

2. One ground of the motion complains that the court failed to give the jury any instruction touching the preponderance of evidence, and the method of weighing and considering the evidence. In the absence of a request to charge on the subject of weighing the testimony of witnesses in case of conflict, the omission of the judge to do so furnishes no ground for a new trial. *Campbell* v. *State,* 123 *Ga.* 534 (51 S. E. 644). And where no request for specific instructions on the subject of the preponderance of evidence is made, it is not error for the judge to omit an instruction explaining what is meant by the preponderance of evidence.  *Ga. Sou. & Fla. Ry. Co.* v. *Young Investment Co.,* 119 *Ga.* 513 (46 S. E. 644).

*Judgment affirmed.    All the Justices concur.*