## 29514. HELEN LUMBER COMPANY *v.* INDUSTRIAL LOAN AND INVESTMENT BANK.

DECIDED JULY 16, 1942.   ADHERED TO ON REHEARING JULY 30, 1942.

*R. C. Ramey, Davis & Davis,* for plaintiff in error.
*Bynum & Frankum,* contra.

FELTON, J.   Industrial Loan & Investment Bank foreclosed a bill of sale to secure debt as a mortgage on certain sawmill equipment, under a bill of sale executed and delivered to the bank by Lawrence J. Pace on April 26, 1935. Some of the property alleged to have been described in the bill of sale was levied on by the sheriff of White County, Georgia; the levy, dated September 24, 1936, recited that the property levied on was found in the possession of Miller and Maloof (the partners constituting the Helen Lumber Company). The Helen Lumber Company filed a claim to the property, which was returned to the superior court of Rabun County. The trial resulted in the direction of a verdict in favor of the plaintiff in execution. The Helen Lumber Company excepted to the overruling of its motion for new trial.

The burden was on the plaintiff in execution to prove title in the maker of the bill of sale, Lawrence J. Pace, and at a time when the bill of sale foreclosed would have been effective to convey it to the bank. The title necessary in such a case is one which renders

the property subject to levy. The evidence showed that John R. Craig sold the property alleged to have been described in the bill of sale foreclosed, to D. S. Pace on November 8, 1933, by conditional-sale contract; that D. S. Pace sold the property to W. V. Lawrence on November 27, 1933, subject to the contract next above described, by conditional-sale contract; that Craig sold the property to Lawrence J. Pace on April 30, 1935, subject to above-described conditional-sale contract between Craig and D. S. Pace of November 8, 1933; that in the contract between Craig and Lawrence J. Pace the latter was substituted for Craig in the contract between Craig and D. S. Pace, dated November 8, 1933; that D. S. Pace, by bill of sale dated February 10, 1940, conveyed the property to Lawrence J. Pace, the instrument reciting that it was to take the place of a bill of sale previously executed and delivered which had been lost by Lawrence J. Pace, conveying all rights, title, interest, and equity of D. S. Pace in and to the property.

The following agreement was stated in the brief of evidence to have been introduced in evidence: a contract between J. R. Craig, W. V. Lawrence and D. S. Pace to the effect "that J. R. Craig has recently foreclosed a retain-title contract on the herein described property; sawmill and equipment; that a levy has been made on part of said mill and equipment, and Will Lawrence and D. S. Pace desire to get the levy released in such manner as to enable Will Lawrence to move the engine into Union County, Georgia, but said Craig being unwilling to release the levy, but does consent for the mill to be set up in Uniont County, Ga. Therefore the parties to this agreement are J. R. Craig and D. S. Pace through his agent in the person of Clark Johnson and Will Lawrence, as follows: That in consideration of the cross obligations, that D. S. Pace is due as a balance of the purchase money of the said sawmill and equipment the sum of $600.65 as principal and $5.90 as interest, besides other costs; that the retain-title contract shall remain and be as is without any change and that the only change made in said other contract is the time for the payments to be made, and this contract provides as follows: that in case Will Lawrence shall fail to make the said payments, this agreement terminates and the title to the said sawmill and equipment absolutely vests in J. R. Craig, and by the terms of this agreement said Craig is authorized to take possession of all of the sawmill and equipment, time being of the

essence of the agreement, and the payment which shall have been made on the mill and equipment shall be considered as rent on said property; that the foreclosure of the retain-title contract shall be of full force until the terms of this agreement shall have been terminated by payment to said Craig."

The contract between Craig, D. S. Pace, and W. V. Lawrence was void in so far as it sought to provide a forfeiture of W. V. Lawrence's interest in the property in the event he did not make the payments therein referred to. *Standard Motors Finance Co.* v. *O'Neal,* 35 *Ga. App.* 727 (134 S. E. 843); *Lytle* v. *Scottish American Mortgage Co.,* 122 *Ga.* 458 (50 S. E. 402). Under this stipulation the contract could have been forfeited because of the failure to pay the last purchase-money installment when due. The result of this ruling is that the maker of the bill of sale to secure debt, Lawrence J. Pace, did not have an absolute title to the property, but merely succeeded to the rights of Craig and D. S. Pace under their conditional-sale contracts. Lawrence J. Pace was simply the owner of the title to the property to secure debt. The ultimate title and right of possession was in W. V. Lawrence, and the property was subject to levy only in a proceeding against him. Since no title was shown to be in Lawrence J. Pace which rendered the property subject to levy in this case a verdict for the claimant was demanded. In view of this ruling it is not necessary to pass on the other questions raised.

The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., concurs.*

SUTTON, J., dissenting. A mortgage execution issued by the clerk of the superior court of Rabun County, Georgia, in favor of the Industrial Loan & Investment Bank of Charlotte, North Carolina, against Lawrence J. Pace and a certain described sawmill and equipment, was levied on a part of the sawmill equipment which was found in the possession of the Helen Lumber Company and to which the said lumber company filed its claim. It appears from the record that on November 8, 1933, J. R. Craig sold to D. S. Pace, under a contract in which he retained title, a certain described sawmill which was then located in Towns County, Georgia, a portion of the said property now being involved in the present claim case; that on November 27, 1933, D. S. Pace sold to W. V. Lawrence the sawmill under a retention-of-title contract,

subject to the retention-of-title contract of J. R. Craig, which was recorded in the office of the clerk of the superior court in Towns County, Georgia. W. V. Lawrence operated this sawmill in Towns County for more than a year, but the purchase-price thereof was not paid to J. R. Craig by D. S. Pace or W. V. Lawrence, and J. R. Craig foreclosed his bill of sale against the said property and had a levy made on the property which was still located in Towns County. D. S. Pace and W. V. Lawrence desired to move the sawmill to Union County, Georgia, while it was levied on, and these two parties, together with J. R. Craig, entered into a contract, on January 16, 1935, whereby it was agreed that if certain payments were not made to J. R. Craig within a specified time the payments that had been made by W. V. Lawrence on the purchase-price of the sawmill were to be treated as rent, and W. V. Lawrence was to have no further interest in the property but it was to belong absolutely to J. R. Craig. The payments as provided for by this contract were not made to Craig, and he then sold the property to Lawrence J. Pace, on April 30, 1935, and subsequently L. J. Pace made a mortgage to the Industrial Loan & Investment Bank of Charlotte, North Carolina, covering the said property. This mortgage was later foreclosed by the bank against Lawrence J. Pace in the superior court of Rabun County, Georgia, as above stated, but previously to the foreclosure proceedings W. V. Lawrence had moved the sawmill and equipment from Union County to Rabun County, and the said property was there levied on under an execution in favor of T. E. Roane or some third party against W. V. Lawrence et al. and advertised for sale. On the date of the sale the attorney for the bank made an announcement, before the sale, that Lawrence J. Pace held title to the sawmill property from J. R. Craig, and that W. V. Lawrence had no title thereto and never had had, and he at that time exhibited a conveyance from J. R. Craig to Lawrence J. Pace and a mortgage from Pace to the bank, the plaintiff in fi. fa. in the present case. After this notice was given the sawmill was sold and bid off by T. E. Roane through his attorney who was present and heard the announcement just above referred to.

The Helen Lumber Company is a firm composed of C. N. Maloof and C. H. Miller, and when T. E. Roane sold the sawmill property to the claimant, C. H. Miller, who was one of the members of the

firm, made inquiry as to the title of the property. He testified that Roane told him "If the title isn't good, you got the mill," and that the witness "didn't investigate the title and bought it only on the warranty of Mr. Roane. . . Mr. Roane stated there might be something come up against it, but that he would guarantee the title of it to me." Roane was notified, when he bought the property which was being sold by virtue of an execution against W. V. Lawrence, that Lawrence did not have title to the property, but that the title thereto was in Lawrence J. Pace, subject to the mortgage of the Industrial Loan & Investment Bank of Charlotte. The claimant, Helen Lumber Company, was notified by Roane when it bought the property that some claim might come up against it. Roane had actual notice of the mortgage of the plaintiff in fi. fa., and the claimant had notice sufficient to excite its attention and put in on inquiry as to the fact of such mortgage and the outstanding title of L. J. Pace. According to the evidence, the title to the property never vested in W. V. Lawrence, and T. E. Roane, having notice of this, obtained no title at the sheriff's sale under the execution against W. V. Lawrence, and the claimant had sufficient notice from T. E. Roane which would have disclosed to it upon inquiry that Roane did not have title to the property in question when sold by him to the claimant.

It appears from the record that W. V. Lawrence had been operating with and had had the use of the sawmill for more than a year in Towns County, and that J. R. Craig had not been paid for it. Craig foreclosed his retention-of-title contract, and then W. V. Lawrence, D. S. Pace and J. R. Craig made the agreement above referred to that, if certain payments then past due were not made by Lawrence within a specified time, the contract for sale of the sawmill was to stand rescinded and the payments that had been made by Lawrence thereon were to be treated as rent for the mill for the time that he had been using it. It is ruled in *Lytle* v. *Scottish American Mortgage Co.*, 122 *Ga.* 458 (4), cited in the majority opinion of the court in the present case: "But the law will not force parties to litigate, nor prevent them from entering into agreements to avoid litigation. They may therefore stipulate in advance as to the amount of damages to be paid if the contract is rescinded because of the vendee's default." These parties evidently knew at the time this contract was made how much had

been paid on the purchase-price of the mill by W. V. Lawrence, and how much the rent of the mill would reasonably be worth for the time that he had been using it, and they also knew the amount of the balance due Craig on the purchase-price, and it was then agreed by them, in consideration of his letting them move the mill to Union County while under the levy, that if Lawrence failed to pay the purchase-price of the mill, which was then all past due, the contract for the sale of the mill was to stand rescinded, and the amounts which had been paid by Lawrence on the purchase-price were to be treated as rent for the use of the mill. So, it seems from the record that these three parties in good faith undertook to and did arrive at the damages to be paid by W. V. Lawrence if he breached the contract which they were then making, by the terms of which he was to pay within a specified time the past-due payments on the purchase-price of the mill to Craig under the former contract, and this damage was to be the amount of the payments that had already been made by him on the purchase-price at that time and which were to be treated as rent on the mill for the time he had been using it. Under the ruling in the case just cited and the ruling in *Standard Motors Co.* v. *O'Neal*, 35 *Ga. App.* 727, cited in the majority opinion of this court, it seems that this kind of an agreement may legally be made when the parties are acting in good faith, and so far as the record discloses these parties to the contract just mentioned were so acting.

I am of the opinion that the evidence demanded a finding in favor of the plaintiff in fi. fa., and that the court did not err in so directing the verdict.