35585. SIMONS *et al. v.* WOLFE *et al.*

Decided April 8, 1955.

*Robertson & Gilbert,* for plaintiffs in error.

*Claud R. Caldwell,* contra.

Felton, C. J. In addition to denying the material allegations of the petition, the defendants for further plea and answer alleged: "Said property has been in the possession of the defendants since the 21st day of February, 1953, defendants having paid plaintiffs the sum of three hundred forty-five ($345) dollars upon the purchase price of said property, which consists of one (1) lineograph type-setting machine, model number three, No. 964 with six (6) magazines, mats and border slides; said machinery having been represented to defendants prior to the delivery of same to the defendants by plaintiffs, as being in excellent condition and as being fit for use in the defendants' printing business. Said property, after receipt of same by defendants, was discovered by the defendants to be absolutely unfit and unsuitable for any use whatsoever in the printing business; said machinery having been in miserable condition, without adequate parts, and said machinery being obsolete, no longer manufactured, and parts for same are absolutely unobtainable, all of which have been made known on [sic] the plaintiffs by defendants. Defendants have heretofore offered to return said property to plaintiffs, which offer has been refused by the plaintiffs and plaintiffs have

824

furthermore refused to accept the return of said machinery. For this reason, it is obvious, and defendants definitely deny that any previous demand for the delivery of said property has been made upon them by plaintiff. Defendants specially deny that they have converted said property and defendants specially disclaim all right, title, and interest in and to said property, and herewith tender the same to plaintiff. By reason of the absolutely worthless condition of said machinery, defendants have been absolutely unable at any time to use the same in their printing business, and the yearly rental value of said property is absolutely nothing. Defendants, however, previously paid to the plaintiffs the sum of three hundred forty-five ($345) dollars, which sum, even based upon plaintiff's claim for a yearly rental of three hundred sixty ($360) dollars, is more than adequate to pay any hire upon said property for the fracture portion of one year during which time same has been in the possession of defendants. Defendants herewith tender to plaintiffs the said sum of three hundred forty-five ($345) dollars which has previously been paid to plaintiffs, as rental of said property, and deny that any further sum is due for rent or hire of the same. Defendants have previously at the first term of this court at which said cause was pending, tendered said property to the plaintiffs, together with the said sum of three hundred forty-five ($345) dollars for the hire thereof, as hereinabove set forth, which tender has been ignored and refused by plaintiffs."

Where property is delivered under a conditional-sale contract, and the seller retains the title as security for the purchase money, the purchaser's default in the payment of the purchase money alone will not constitute a conversion of the property. *Carter* v. *Spiegel, May, Stern Co.,* 45 *Ga. App.* 754 (5) (166 S. E. 34). The defendants at the first term disclaimed title to the property, tendered the property and tendered hire. The defendants' answer set up facts showing that there had been no conversion of the property. The plaintiffs admitted that no demand had ever been made for the property. The evidence otherwise failed to show a conversion.

Under the facts of this case, the plaintiffs had no election of verdicts but were restricted to a verdict for the property plus hire. *Trammel* v. *Mallory,* 115 *Ga.* 748 (42 S. E. 62). However,

since the plaintiffs rescinded the contract, they became liable to the defendants for any payments which the defendants had made toward the purchase price of the property (*Shipp* v. *General Discount Corp.*, 60 *Ga. App.* 145 (1), 3 S. E. 2d 107), and it was this sum that the defendants tendered as reasonable hire. Of course, the defendants would be liable to the plaintiffs for any depreciation in the value of the property by damages or injury, over and above the ordinary wear and tear, which it may have sustained in the hands of the defendants. *Shipp* v. *General Discount Corp.*, supra. Because of the nature of the property, it would be a matter within the sound discretion of the court as to how the defendants would perfect the tender made in their answer.

Under the pleadings and evidence of this case and the ruling in *Trammell* v. *Mallory*, supra, the sole issue was the reasonableness of the amount of hire tendered, and the judge erred in not restricting his consideration to that issue, and erred in denying the motion for a new trial.

*Judgment reversed. Quillian and Nichols, JJ., concur.*