36373, 36393.   SIZEMORE *et al.* v. BEELER; and *vice versa.*

DECIDED OCTOBER 4, 1956.

416

*Painter & Cain, M. L. Harris, D. L. Lomenick, Jr.,* for plaintiff in error.

*Frank M. Gleason,* contra.

TOWNSEND, J. ■ Trover being an action to try title and the right to possession of personal property, where as here it appears without dispute that after the defendants had entered into a contract with the plaintiff to purchase a herd of cattle, the instrument reserving title in the vendor until full payment of purchase money, and after they had received possession of the property and made partial payments thereon they defaulted and the vendor exercised her right stated in the contract to rescind and recover its possession, a verdict was demanded finding that the plaintiff had a right to recover the property unless some defense interposed by the defendants would authorize a different verdict. The only defense here insisted upon which would absolutely defeat the plaintiff's right of action was the defense of payment, based on the fact that the defendants had paid $4,454.69 of the $9,000 purchase price and their contention that because of a partial failure of consideration this amount represented the total value of the herd. Under such circumstances the plaintiff would not be entitled to recover. *Guilford, Wood & Co.* v. *McKinley,* 61 *Ga.* 230 (2). Whether or not such failure of consideration existed depended upon whether the 19 cattle which had to be slaughtered because of infection with brucellosis were diseased at the time they were turned over to the defendants, and the defendants had the burden of proof on this issue. Their evidence did not demand a finding to this effect as a matter of law, and the jury found against the contention. Accordingly, the plaintiff was entitled to recover the property, and the jury so found.

■ ■ The defendants also pleaded by way of setoff payments on the purchase price shown by undisputed evidence to be in the sum of $4,454.69. Code § 107-102 provides as follows: "When personal property is sold and the vendor retains the title thereto in himself until all the purchase money is paid, and the vendor or his assigns shall bring suit to recover the possession of such personal property, the defendant in such action may plead as a setoff any demand or claim that he may have against the plaintiff, or may recoup any damages that he has sustained by reason of any failure of consideration, or any defects in such personal property, or any breach of contract by the plaintiff, whereby the defendant has, in any way, been injured or damaged. If the plaintiff elects to take a money judgment for the value of such property, the amount of setoff or damages allowed the defendant by the jury shall be deducted from the value of such property and the amount allowed for the hire or use thereof, and the plaintiff shall only recover the excess; but if the amount of setoff or damages allowed the defendant shall exceed the value of the property sued for and the hire thereof, then the defendant shall have judgment against the plaintiff for such excess. If the plaintiff elects to take a judgment for the property sued for, then the amount allowed the defendant as setoff or damages shall be a lien on such property superior to all other liens except liens for taxes."

One position taken by counsel for the plaintiff is that this Code section is inapplicable and the plea of setoff unauthorized by it for the reason that the transaction between the parties hereto was not one where "personal property is sold and the vendor retains title thereto in himself until the purchase money is paid," but rather that it was an executory contract not coming within the terms of the Code section, it being merely an agreement "to sell," with the property not sufficiently identified but to be chosen from the mass by the purchasers at a future time. Code § 107-102 which was enacted in 1903 seeks to set out a means of adjusting the equities between a purchaser and seller when goods are repossessed, and follows equitable principles previously enunciated in *Hays* v. *Jordan*, 85 *Ga.* 741 (11 S. E. 833, 9 L. R. A. 373) and other cases hereafter cited. This contract, while originally executory, was executed by the selection of cattle by the defendants

■

and delivery to them and by part payment of the purchase price; it is, accordingly, such a conditional sale as is contemplated by this Code section.

It is further contended that in view of the contract provision that upon default in payment and repossession by the vendor "all sums paid by the parties of the second part shall be treated and considered as rental for the use and enjoyment of said property to that time, and their rights hereunder shall be fully terminated," the defendants are not entitled to the return of the instalments paid by them. It has frequently been held that such provisions in contracts are void and unenforceable as being a penalty in violation of Code § 20-1403, it not appearing that the parties actually "undertook in good faith to arrive at the damages which might be sustained as a result of the vendee's breach." *Standard Motors Finance Co.* v. *O'Neal*, 35 *Ga. App.* 727, 731 (134 S. E. 843); *Barrett* v. *Distributors Group, Inc.*, 85 *Ga. App.* 529 (1) (69 S. E. 2d 810); *Helen Lumber Co.* v. *Industrial Loan &c. Bank*, 67 *Ga. App.* 767 (21 S. E. 2d 552).

It is also contended that in any event the defendant is entitled absolutely to a return of the $4,454.69 purchase money admittedly paid and that any verdict which does not recognize this right is contrary to law. Where the plaintiff elects a money verdict it is well settled that he can recover only the balance owing on the debt, plus hire or interest and damages. *Moultrie Repair Co.* v. *Hill*, 120 *Ga.* 730 (5) (48 S. E. 143); *Dasher* v. *International Harvester Co.*, 42 *Ga. App.* 130 (155 S. E. 211). In *Cowart* v. *Brigman Motors Co.*, 32 *Ga. App.* 123 (122 S. E. 645) it was held that a trover action based on rescission of a conditional-sale contract necessarily embraces an accounting between the parties and is res judicata as to the equities between them. In *Standard Motors* v. *O'Neal*, 35 *Ga. App.* 727 (3) (134 S. E. 843) the burden is placed on the defendant, where the latter seeks to recover payments made toward the purchase price, to file a proper equitable plea to this effect in which he also offers to do equity by offering to account for the reasonable hire of the property *while in his hands* and for any depreciation or damage beyond ordinary wear and tear, and observes that such cases, arising from rescission, should be governed by the same legal principles applying to rescissions of land contracts, as to which equity, on proper plead-

ings, will attempt to place the parties in statu quo by crediting the vendor with the rental value of the property and any damage sustained while in the vendee's hands, and crediting the vendee with payments made toward the purchase price. *Lytle* v. *Scottish American Mortgage Co.*, 122 *Ga.* 458 (50 S. E. 402). This appears to be the true rule applying to trover actions arising from rescission of conditional sales where a part of the purchase price has been paid, and in such case the hire or rental value does not run merely from the date of demand (refusal to surrender not being a conversion but only evidence thereof, although demand is necessary where the property came into the defendant's hands in a lawful manner, *Sappington* v. *Rimes*, 21 *Ga. App.* 810 (1) (95 S. E. 316), and although default in payment alone does not constitute a conversion, *Carter* v. *Spiegel, May Stern Co.*, 45 *Ga. App.* 754 (5) (166 S. E. 34)) but the plaintiff is entitled to deduct from instalment payments the reasonable rental value while the property was in the hands of the defendant under the sale contract. See to this effect *Hays* v. *Jordan*, 85 *Ga.* 741 (11 S. E. 833); *Commercial Publishing Co.* v. *Campbell Printing-Press &c. Co.*, 111 *Ga.* 388 (36 S. E. 756); *Enterprise Distributing Corp.* v. *Zalkin*, 154 *Ga.* 97 (4) (113 S. E. 409); *Dickerson* v. *Universal Credit Co.*, 47 *Ga. App.* 512 (2) (170 S. E. 822); *Simons* v. *Wolfe*, 91 *Ga. App.* 823 (87 S. E. 2d 217). All of these cases treat the right of the vendor who elects a verdict for the property to have deducted from purchase payments returned to the vendee the rental value of the property *while in the defendant's possession*, and not merely rental value from the date of the demand. In such a case the plaintiff is not seeking hire from the date of conversion as an affirmative action, but is being compelled, on winning the case and receiving the property to return to the defendant that to which the defendant is entitled, and the defendant is not entitled to the return of the purchase-money payments without himself accounting for depreciation and the value of the property to him while it was in his possession. Accordingly the fact that no demand was made by the plaintiff here until ten days or less before the filing of the suit is immaterial, and the defendants' contention that they would not be liable for deduction of hire or rental value under these circumstances is not well founded. The jury had the right to adjust the equities between the parties.

They were charged that if they found for the plaintiff the defendants would be entitled to recover their instalment payments. There was evidence before them that the value of milk sold by the defendants from the herd amounted to almost three times the amount of the payments, and other evidence that the cows when returned to the vendor appeared very poor and in a half starved condition. Although there was no evidence as to the cost to the defendants of the production of the milk, the jury was nevertheless authorized to find against the plea of setoff which the unqualified verdict for the plaintiff in effect did, the burden being on the defendant to establish by a preponderance of evidence the amount to which he was equitably entitled in the accounting. The general grounds of the motion for a new trial therefore are not good, since there is sufficient evidence to authorize the verdict rendered.

■ Special ground 1 of the amended motion for new trial complains of the admission of testimony that the cattle when repossessed were not as fat or in as good condition as when they were sold to the defendants, on the ground that it was immaterial to any issue in the case and was prejudicial to the defendants. The testimony was relevant on the issue made by the defendant in his plea of setoff, as the plaintiff was entitled to credit for any extraordinary depreciation in the value of the herd, and was accordingly properly admitted.

■ The charge complained of in special ground 2 as follows: "I charge you that in actions to recover the possession of chattels it shall not be necessary to prove any conversion of the property where the defendant is in possession when the action is brought" is in the language of Code § 107-101 and accordingly is not "unsound as an abstract principle of law," which is the assignment of error urged against it.

■ Special grounds 4 and 6 complain of the italicized portions of the following quotation in which the court instructed the jury as to the possible form of its verdict: "I have prepared 3 forms of verdict, which I consider to be the only 3 that are authorized to be made under the pleadings and under the evidence in the case, and I will outline the 3 forms and instruct you as to the effect of each. . . The first possible verdict you can render in this case is as follows: 'We, the jury, award the property to the

plaintiff, and find against the defendant.' Now, that verdict would mean that the plaintiff would be permitted to recover the cows in the case from the defendant, and it would mean that the defendant was not entitled to any money from the plaintiff on account of any of the reasons heretofore discussed in these instructions. In other words, the first verdict here outlined would give the plaintiff the cows and would not give Mr. and Mrs. Sizemore any money whatever. *The second possible form of your verdict is as follows: 'We, the jury, find the plaintiff is not entitled to the property.' Now, the effect of that would be, the plaintiff would not recover the cows, and the defendant would not recover the money. That would have the effect of saying that at the time the petition was filed the right to recover the cows did not exist in the Beelers. If you find that to be the case, if you find under these instructions that the right to recover the cows did not exist in the Beelers, then you would return this verdict, 'We, the jury, find the plaintiff is not entitled to the property.' That would not have the effect of awarding Mr. Sizemore or his wife any money, but it would have the effect, as I have just outlined to you, of your adjudicating that at the time the trover suit was instituted there did not exist in Mrs. Beeler the legal right to have possession of the property. . . Now, the third possible form of your verdict is as follows: 'We, the jury, award the property to the plaintiff, and find in favor of the defendant so many dollars.' Now, the effect of that verdict as to the Beelers, awarding the property to the plaintiff would be as I have already outlined to you, and it would also mean that under these instructions you find that the defendants in the case by virtue of their cross-action are entitled to a sum of money, in arriving at which you would follow the instructions heretofore given you in charge.*" The objections are on the ground that these excerpts are not sound as an abstract principle of law. It is argued that as to the second form of verdict, this did not apprise the jury that the defendants, if they won, would be entitled to elect a money verdict against the plaintiff for $9,000 under the provisions of Code § 107-209, and as to the third form, it did not inform the jury they would be entitled to receive back their purchase payments in all events. The latter argument, as we have seen, is not tenable. As to the former, the court's charge that a verdict finding the plaintiff not entitled to the property

would mean that "the defendant would not recover the money" was immediately explained by adding that it would have the effect of saying the right to recover the cows did not exist in the Beelers, which is correct. It is true that had this verdict been returned the defendants would, under the Code section, have a right ordinarily to elect whether to take back the property itself or its equivalent in a money judgment against the plaintiff, but what election the defendant might subsequently choose to make in this regard if he prevailed would not concern the jury in adjudicating the rights of the parties. It is also true that under the evidence in this case the defendants, had they prevailed, would have been forced to elect a money verdict because the plaintiff had previously disposed of the cattle, but there is no assignment of error on the ground that the charge was not authorized by the evidence, and it was, taken as a whole, substantially correct and sound as an abstract principle of law.

■ Special ground 5 shows no reversible error. It is an objection to a portion of the charge in which the court stated to the jury that they were to disregard certain evidence. The plaintiff objects to the charge on the ground that there is no such evidence in the record. Since whether it existed or not, the jury was instructed to disregard it, we do not think the substantial rights of the parties were affected thereby.

■ The evidence in the case having shown that in addition to the 30 cattle purchased from the plaintiff, the defendants possessed 9 cows purchased from a different source, and having also shown that the cattle described in the trover petition as belonging to plaintiff were seized by the sheriff, but being silent as to the others, it was not error for the court, when questioned by the foreman of the jury as to whether the plaintiff obtained possession of the defendant's 9 cattle along with her own herd, to reply that they had a right to assume that the sheriff, in seizing the cattle, did his duty and possessed himself only of those cattle described in the pleadings and contract of sale. Granting that the contract of sale was introduced in evidence for the sole purpose of showing title (*Ayash* v. *Georgia Show-Case Co.*, 17 *Ga. App.* 467, 87 S. E. 689), this includes identification of the property involved, and the court's instructions on this point were not improper for any reason assigned.

The trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed on the mail bill of exceptions. Cross-bill dismissed. Gardner, P. J., and Carlisle, J. concur.*