19888.  COLUMBIA LOAN COMPANY, INC. *v.* PARKS; and *vice versa.*

WYATT, Presiding Justice.  The Court of Appeals certified to this court for answer the following questions: "1. (a)  Where the assignee of a purchase-money retention-title contract and notes who is a bona fide holder thereof for value brings trover against the purchaser in possession of the property because of a default in payment of instalments in the purchase price, may the defendant purchaser recoup against the plaintiff assignee for a failure of consideration on the part of the original vendor as to which such assignee was not a party and was without notice?  Code §§ 107-102, 81-601, 20-1311.  *Finance Co. of the South* v. *Jones,* 33 *Ga. App.* 94 (125 S. E. 510).  (b)  If the answer to 1 (a) is in the affirmative, may the amount of damages allowed on sustaining the plea of recoupment be in an amount greater than the defendant has paid to plaintiff under the contract although less than the combined sums paid by defendant to plaintiff and plaintiff's assignor under the contract?  2.  If the answer to 1 (a) is in the affirmative, may a bona fide holder of such retention-title contract who elects to bring trover for recovery of the property or its value in an action against a defaulting purchaser set up in rebuttal of the defendant's plea of failure of consideration, a provision in the retention-title contract as follows: 'The

vendor does not warrant said property and makes no representations concerning the same except that title to the same is in vendor and free from all encumbrances'? *Tidwell* v. *Burkett,* 1 *Ga.* 84 (6 S. E. 816); *Merchants & Miners Transportation Co.* v. *Moore & Co.,* 124 *Ga.* 482 (52 S. E. 802); *Gen. Motors Acc. Corp.* v. *Coggins,* 178 *Ga.* 643 (173 S. E. 841); *Ayash* v. *Ga. Show Case Co.,* 17 *Ga. App.* 467 (2) (87 S. E. 689)."

Code § 107-102 provides as follows: "When personal property is sold and the vendor retains the title thereto in himself until all the purchase money is paid, and the vendor or his assigns shall bring suit to recover the possession of such personal property, the defendant in such action may plead as a set-off any demand or claim that he may have against the plaintiff, or may recoup any damages that he has sustained by reason of any failure of consideration, or any defects in such personal property, or any breach of contract by the plaintiff, whereby the defendant has, in any way, been injured or damaged. If the plaintiff elects to take a money judgment for the value of such property, the amount of set-off or damages allowed the defendant by the jury shall be deducted from the value of such property and the amount allowed for the hire or use thereof, and the plaintiff shall only recover the excess; but if the amount of set-off or damages allowed the defendant shall exceed the value of the property sued for and the hire thereof, then the defendant shall have judgment against the plaintiff for such excess. If the plaintiff elects to take a judgment for the property sued for, then the amount allowed the defendant as set-off or damages shall be a lien on such property superior to all other liens except liens for taxes." It is clear that under the plain provisions of this Code section, the answer to questions 1 (a) and (b) is yes. Since the quotation contained in question 2 is a provision of the contract relied upon, the answer to that question is yes.

2. The confusion in the cited authorities on these questions seems to arise from a failure in some instances to recognize that when a trover suit is brought based upon a retention-of-title contract of sale, this amounts to a rescission of the contract in so far as the plaintiff is concerned, that the defendant or purchaser may elect to treat the proceeding as a rescission and recover what he has paid on the purchase price less hire

or he may elect to stand on the contract, in which event, the above quoted Code section is applicable.

*Certified questions answered. All the Justices concur.*
SUBMITTED NOVEMBER 12, 1957—DECIDED JANUARY 10, 1958.

*Thomas E. Moran,* for plaintiff in error.
*Joan Larsen,* contra.