37407.  PARKS *v.* COLUMBIA LOAN COMPANY, INC.

GARDNER, Presiding.Judge.  When this case was here before (*Columbia Loan Co. v. Parks*, 97 *Ga. App.* 76, 102 S. E. 2d 46), the defendant in response to a trover action for property sold under a title-retention contract set up the defense of failure of consideration, and setoff under Code § 107-102, which is a contractual defense.  This court certified certain questions to the Supreme Court, and the latter held in *Columbia Loan Co. v. Parks*, 213 *Ga.* 723 (2) (101 S. E. 2d 720) as follows: "When a trover suit is brought based upon a retention-of-title contract of sale, this amounts to a rescission of the contract in so far as the plaintiff is concerned. . . . [but] the defendant or purchaser may elect to treat the proceeding as a rescission and recover what he has paid on the purchase price less hire or he may elect to stand on the contract, in which event the above quoted Code section [§ 107-102] is applicable."  After the remittitur was returned to the trial court the defendant amended by striking from his answer the plea of failure of consideration, setoff and recoupment and.adding, in part, that the defendant admits he was in possession of the automobile sought to be recovered in the trover suit, that he tenders the property (or the proceeds thereof, since it has now been levied upon and sold) to the plaintiff and disclaims title; that he further tenders $50 as hire during the time the automobile was in his possession; and he seeks recovery of the purchase money paid on the vehicle to the plaintiff and also recovery of the value of another automobile which was traded to the plaintiff's assignor.  This amendment was demurred to on the grounds that (a) it was inconsistent with the first cross-action; (b) that it sets up a new cause of action, and (c) that the defendant has made an election of remedies by first standing upon and validating the contract, and he now seeks to repudiate the contract.

These demurrers bring into issue three rules of law.  The first is that a cross-action seeking judgment against the plaintiff must be alleged with all the particularity of, and subject to the rules of law applicable to, a petition, so that where a defendant files a cross-action based on affirmance of a contract, he cannot thereafter strike it and file a new cross-action based upon a repudiation of the same contract.  In so far, however, as the defendant merely seeks to avoid a judgment sought to

be entered up against him, he is not limited either by election of remedies or by inconsistency of defenses. In *Kerr Glass Mfg. Co.* v. *Americus Grocery Co.,* 13 *Ga. App.* 512, 513 (79 S. E. 381), where it was contended that a defendant should be required to elect whether to stand upon or repudiate the contract in question, it was held: "If suit is brought on a contract, the defendant may plead that no contract was ever entered into, that if entered into it was procured by fraud and was therefore void, or that it was valid when made and the consideration has partially or totally failed. If such inconsistent pleas are filed, the defendant is entitled to prevail if he sustains any one or more of them. Civil Code (1910) § 5649 [Code § 81-310]; *Mendel* v. *Miller,* 134 *Ga.* 610 (68 S. E. 430). The rule just stated is applicable whether the inconsistent pleas be filed in the first instance or be *introduced by way of amendment to the original answer.*" (Emphasis added.) Accordingly, the amendment was not subject to be stricken for any of the grounds of demurrer urged against it, and this error rendered subsequent proceedings nugatory.

Thirdly, as to the merits of the defense, the above quoted portion from *Columbia Loan Co.* v. *Parks,* 213 *Ga.* 723, supra, when this case was before the Supreme Court, reaffirms what is said in *Sizemore* v. *Beeler,* 94 *Ga. App.* 414(2c) (94 S. E. 2d 773), as follows: "Where the vendor in a conditional-sale contract under default of the purchaser brings trover . . . the vendee is entitled under proper pleading to an accounting for the purchase money paid by him, less amounts covering the reasonable value of the use of the property while in his possession and any depreciation over and above ordinary wear and tear." In *Hays* v. *Jordan & Co.,* 85 *Ga.* 741 (2) (11 S. E. 833, 9 L.R.A. 373) it was held as to a retention-title contract: "Where, after payment of one of the notes and default in subsequent payment, the vendors bring bail trover and elect to take the piano . . . before they can recover it they must return the amount paid them, after deducting a proper sum for the use of the instrument if such use was of any value to the defendant; such sum with interest to be found by the jury from the evidence, and the piano to be returned to the plaintiffs upon payment to the defendant of this sum, judgment for which can be entered by the court for the defendant upon the bond of the plaintiffs, given by them on taking possession of the property." Again, in *Sizemore* v. *Beeler,* 94 *Ga. App.*

414, supra, p. 418, reference is made to *Standard Motors* v. *O'Neal*, 35 *Ga. App.* 727(3) (134 S. E. 843) to the effect that "such cases, arising from rescission, should be governed by the same legal principles applying to rescissions of land contracts, as to which equity, on proper pleadings, will attempt to place the parties in status quo by crediting the vendor with the rental value of the property and any damage sustained while in the vendee's hands, and crediting the vendee with payments made toward the purchase price. *Lytle* v. *Scottish American Mortgage Co.*, 122 *Ga.* 458 (50 S. E. 402)."

The defendant in a trover action based on a title-retention contract has an absolute right, under proper pleadings, to compel the plaintiff to account to him for benefits accruing to the vendor when it seeks to rescind the contract of sale, which a trover action always does, and this regardless of whether the plaintiff elects a judgment for the property or its value, or whether the amount which the plaintiff owes the defendant is greater than the value of that which the defendant owes the plaintiff. The amounts to be credited to the various parties, including purchase price, interest or rent, depreciation, and return of purchase money instalment payments and other benefits accruing to the vendor, are within the sound discretion of the triors of fact. *Sizemore* v. *Beeler*, 94 *Ga. App.* 414, supra; *Simons* v. *Wolfe*, 91 *Ga. App.* 823, 825 (87 S. E. 2d 217).

The trial court erred in striking the amendment to the defendant's answer, and this error renders subsequent proceedings nugatory.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

DECIDED NOVEMBER 10, 1958—REHEARING DENIED DECEMBER 1, 1958.

*Eugene S. Taylor, Joan Larsen,* for plaintiff in error.
*Thomas E. Moran,* contra.