37852. JENKINS *v.* THE STATE.

Decided October 2, 1959.

*Leonard M. Tuggle,* for plaintiff in error.

*J. P. Cheney, Solicitor,* contra.

Gardner, Presiding Judge. The bill of exceptions sets out a complaint to the effect that the judge called the jury into the room and asked them what the status of their voting was at that time. The judge was told that the jury had not reached a verdict and was also told how the jurors stood on the voting. Complaint is made that neither the defendant nor the defendant's counsel was present when the above occurred. This complaint does not appear as a special ground in the record.

Since the evidence is not set forth in the record, this court cannot pass on the general grounds and it follows that the verdict stands affirmed.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs specially.*

Townsend, Judge, concurring specially. The motion for new trial in this case is on the general grounds only. The bill of exceptions assigns error on the denial of the motion for new trial and also on the ground that, in the absence of the defendant and

his counsel, the court called the jury in and had a conversation with them as to how they stood; the court was informed that they were hopelessly deadlocked, with 8 for conviction 2 for acquittal and 1 noncommittal, and the court then sent the jury back to deliberate further. The assignment of error then states: "Neither defendant nor counsel was aware of the above remarks until after the verdict had been rendered; and counsel discovered this after talking to a spectator that had been present."

The question for first decision is, accordingly, whether an assignment of error which might have been a ground of a motion for new trial can, in a case where a motion for new trial is in fact made and denied, be thereafter assigned as error in the bill of exceptions. In *Frank* v. *State,* 142 *Ga.* 741 (2a) (83 S. E. 645, L. R. A. 1915D 817) it was held: "But where a motion for a new trial is made by the defendant, with knowledge of the fact that the verdict was rendered in his absence, and such motion does not contain that fact as a ground for new trial, though it is recited therein, it is too late, after the motion for new trial has been denied and the judgment has been affirmed by this court, to make a motion to set aside the verdict on that ground."

Ordinarily "if a motion for a new trial is made, such rulings would furnish, if erroneous, additional reasons for granting a new trial." *Columbia Loan Co.* v. *Parks,* 97 *Ga. App.* 76, 79 (102 S. E. 2d 46). If the transaction which is assigned as error is not in fact known prior to the time the motion for new trial is finally disposed of, the *Frank* case would be no bar to assigning the error in some other manner. The plaintiff in error in his brief contends that he did not in fact know of the court calling the jury back until after his motion for new trial was denied, but nowhere in the record is this fact made to appear. It should, if relied on, have been stated in the bill of exceptions, but the bill of exceptions says only that the defendant and his counsel were unaware of the remarks "until after the verdict had been rendered," which was, of course, prior to the filing of the motion for new trial and the order subsequently denying the same. In such a case no reason appears why the assignment of error could not have been included by amendment to the motion for new trial. This not having been done, it was too late to include it

in the bill of exceptions. *Columbia Loan Co.* v. *Parks*, 97 *Ga. App.* 76, supra.